UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
BERT VLADIMIR, individually and on             :    Civil Action No.:
behalf of all others similarly situated,                :    07-CIV-6416 (SHS)
                                                                       :
                       Plaintiff,                          :
                                                                       :
    -against-                                              :
                                                                       :
BIOENVISION, INC., CHRISTOPHER B.            :
WOOD and JAMES S. SCIBETTA,                     :
                                                                       :
                       Defendants.                      :
                                                                       :
-----------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF PROPOSED
CO-LEAD PLAINTIFFS' MOTION FOR APPOINTMENT
AS CO-LEAD PLAINTIFFS, AND FOR APPROVAL OF CHOICE OF LEAD COUNSEL**

Date:   September 11, 2007

                                               SQUITIERI & FEARON, LLP
                                               Lee Squitieri (LS-1684)
                                               32 East 57th Street
                                               12th Floor
                                               New York, New York 10022
                                               Tel:  (212) 421-6492

                                               Attorneys for Movants

## **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ..................................................................................................1

THE COMPLAINT .......................................................................................................................2

ARGUMENT ..................................................................................................................................4

INTRODUCTION ..........................................................................................................................4

    A. The Court Should Appoint Movant As Lead Plaintiff............................................................4

        1. The Procedure Required By The PSLRA .........................................................................4

            a. Movants Are Willing To Serve As Class Representative ...........................................6

            b. Movants Have The Largest Financial Interest
               In The Relief Sought In This Action..........................................................................6

            c. Movants Satisfy The Requirements Of Rule 23(a)
               Of The Federal Rules Of Civil Procedure..................................................................7

    B. Movant's Selection Of Counsel Should Be Approved...........................................................8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
BERT VLADIMIR, individually and on : Civil Action No.:
behalf of all others similarly situated, : 07-CIV-6416 (SHS)
:
                        Plaintiff, :
:
   -against- :
:
BIOENVISION, INC., CHRISTOPHER B. :
WOOD and JAMES S. SCIBETTA, :
:
                      Defendants. :
:
------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF PROPOSED
## CO-LEAD PLAINTIFFS' MOTION FOR APPOINTMENT
## AS CO-LEAD PLAINTIFFS, AND FOR APPROVAL OF CHOICE OF LEAD COUNSEL

### PRELIMINARY STATEMENT

Presently pending before the Court is a securities class action lawsuit (the "Action") brought on behalf of all persons or entities (the "Class") who sold the shares of common stock ("BIVN" or the "Company") during the class period from May 1, 2007 through May 29, 2007, inclusive (the "Class Period"). Plaintiff Bert Vladimir alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") against defendants Bioenvision, Inc., Christopher B. Wood and James S. Scibetta. See, Declaration of Lee Squitieri dated September 11, 2007 ("Squitieri Decl."), Exhibit A, Complaint.

Named Plaintiff Bert Vladimir and class member Gary Thesling (collectively the "Movants") hereby move this Court, pursuant to Section 21D(a)(3)(B) of the Exchange Act, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), and Section 27(a)

of the Securities Act for an order (a) appointing Movants as Co-Lead Plaintiffs in the Action; and (b) approving Movants' selection of Squitieri & Fearon, LLP as Lead Counsel.

During the Class Period, Movant Theisling sold 46,300 shares of BIVN and incurred losses of approximately $97,625.00. Class Member Vladimir sold 1000 shares of BIVN and incurred losses of approximately $2,330.00. These losses represent the largest financial interest in the outcome of the litigation filed to date.[1]

## THE COMPLAINT

BIVN is a biopharmaceutical company primarily focused upon the acquisition, development and marketing of compounds and technologies for the treatment of cancer, autoimmune disease and infection. Its flagship product is Clofarabine, a drug used to treat pediatric leukemia. BIVN and Genzyme co-developed the drug in Europe, where BIVN markets it under the brand name Evoltra. Genzyme markets the drug for the same purposes in the United States. Throughout the Class Period, the defendants continually assured investors that the primary focus of their efforts was to expand the sales of their flagship drug. In reality as described in the Complaint, defendants had agreed that BIVN would be sold to Genzyme Inc. via a series of transactions including a tender offer and merger. Complaint ¶¶ 6, 15, 17-19.

By the time of the announcement of the agreement and plan of merger, BIVN and defendants had known that such a transaction had been planned and negotiated for at least a month before it was announced. Thus, defendants were under a duty to correct the statements made prior to May1, 2007 described herein which were still alive and influencing the price of BIVN stock in the market and were under a duty to make all their statements and announcements on and after May 1, 2007 truthful, complete and accurate and to ensure that all statements

---

[1] These losses are based on the method of calculation required under Section 21D(e)(i) of the PSLRA as adapted by the court for seller's class actions in Levie v. Sears Roebuck & Co., Inc., Judge Robert W. Gettleman, 496 F.Supp. 2d 944 (N.D. Ill., 2007) in his order certifying a class of sellers.

2

contained all material facts necessary in order to make statements not materially misleading. Defendants intentionally and/or recklessly failed to update or correct previous statements regarding the Company's business plans and "primary focus" and continually misrepresented the fact that "its primary focus" was no longer the development and marketing of cancer treatments but, instead the primary focus of BIVN and the individual defendants was to find a merger partner and to consummate a takeover of BIVN. Complaint ¶ 25.

On May 29, 2007, BIVN announced that it had entered into a definitive agreement and plan of merger with Genzyme, whereby Genzyme will commence a tender offer to acquire all of BIVN's outstanding shares of common stock for $5.60 per share in cash in a transaction valued at approximately $345 million. On the first trading day following the announcement of the merger, the price of BIVN stock climbed sharply in response to the news of the merger on materially higher volume than the volume of preceding trading days or the average daily trading volume. On May 30, 2007, the price of BIVN stock continued to climb to a high of $5.88 per share as investors absorbed the previously undisclosed news. Complaint ¶ 23. By the time of the announcement, BIVN's directors had unanimously approved the Merger, entered into agreements supporting it and were in position to recommend to BIVN shareholders that they tender their shares into the tender offer. Complaint ¶ 24.

During the Class Period, defendants' material omissions and misrepresentations had the effect of artificially deflating the price of BIVN's securities and/or maintaining the price of BIVN's securities at levels at which those securities would not have traded had the truth concerning the Company been disclosed to investors. This conduct resulted in plaintiff and other members of the Class selling BIVN securities at prices significantly below the actual value of those securities. Complaint ¶ 26.

## ARGUMENT

## INTRODUCTION

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. A. § 78u-4(a)(3)(B)(ii). The PSLRA further contemplated that the separate actions asserting substantially similar claims be consolidated before appointment of Lead Plaintiff. Here, however, as of the date of filing, there are no other pending related matters of which plaintiff's counsel is aware.

### A.   The Court Should Appoint Movant As Lead Plaintiff

#### 1.   The Procedure Required by the PSLRA

The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." Exchange Act § 21D(a)(1) and (a)(3)(B), 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B); Securities Act § 27(a)(1), 15 U.S.C.A. § 77z-1(a)(1) ("the provisions of the subsection shall apply to each private action arising under this subchapter that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure").

First, the plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. Exchange Act § 21D(a)(3)(B)(ii), 15 U.S.C. § 78u-4(a)(3)(B)(ii), Securities Act § 27(a)(3)(A)(i), 15 U.S.C.A. § (a)(3)(A)(i)(same). The PSLRA requires the court to consider within 90 days all motions filed within 60 days after publication of that notice made by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. Exchange Act § 21D(a)(3)(A)(i)(II) and 21D(a)(3)(B)(i), 15 U.S.C. §§ 78u-

4(a)(3)(A)(i)(II) and (a)(3)(B)(i); Securities Act § 27(a)(3)(B)(i), 15 U.S.C.A. § 77z-1(a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

(aa)  has either filed the complaint or made a motion in response to a notice;

(bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

Exchange Act § 21D(a)(3)(B)(iii)(I), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); Securities Act § 27(a)(3)(B)(iii)(I), 15 U.S.C.A. § 77z-1(a)(3)(B)(iii)(I) (same).

The presumption may be rebutted only upon proof by a Class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." Exchange Act § 21D(a)(3)(B)(iii)(II), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); Securities Act § 27(a)(3)(B)(iii)(II), 15 U.S.C.A. § 77z-1(a)(3)(B)(iii)(II) (The presumption may be rebutted "only upon proof by a member of the purported plaintiff class that the presumably most adequate plaintiff - (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiffs incapable of adequately representing the Class").

As set forth below, Movants satisfy the foregoing criteria and there are no unique defenses that defendants could raise against them. Therefore, Movants are entitled to the presumption that they are the most adequate plaintiffs to represent the Class and, as a result, should be appointed co-lead plaintiffs in the Actions.

5

      **a.**      <u>**Movants Are Willing To Serve As Class Representative**</u>

On July 13, 2007, plaintiff's counsel Squitieri & Fearon, LLP, in this lawsuit caused a notice (the "Notice") to be published pursuant to the PSLRA, which announced that a securities class action had been filed against Bioenvision and others, and which advised putative class members that they had 60 days from the date of issuance of the Notice to file a motion to seek appointment as a lead plaintiff in the action. <u>See</u> Exhibit B. Movants have timely filed their motion pursuant to the Notice. In doing so, Movants have attached their certifications attesting to their willingness to serve as lead plaintiffs for the Class and provide testimony at deposition and trial, if necessary. <u>See</u> Declaration of Lee Squitieri ("Squitieri Decl.") Exs. C and D, Movants Vladimir and Thesling respectively. Accordingly, Movants satisfy the first requirement to serve as co-lead plaintiffs for the Class. Exchange Act § 21D(a)(3)(B)(iii)(I)(aa), 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(aa); Securities Act § 27(a)(3)(B)(iii)(aa), 15 U.S.C.A. § 77z-1(a)(3)(B)(iii)(aa).

      **b.**      <u>**Movants Have The Largest Financial Interest In The Relief Sought In This Action**</u>

The PSLRA requires the Court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." Exchange Act § 21D(a)(3)(B)(iii)(I)(bb), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb); Securities Act § 27(a)(3)(B)(iii)(I)(bb), 15 U.S.C.A. § 77z-1(a)(3)(B)(iii)(I)(bb).

Movants submit that they have the largest financial interest of any shareholder or group of shareholders seeking to be appointed lead plaintiffs. Movant Thesling sold 46,300 shares of BIVN and suffered losses of $97,625.00. <u>See</u> Squitieri Decl. Ex. E. Movant Vladimir sold 1,000 shares of BIVN stock on May 1, 2007 and suffered losses of $2,330.00. These losses are

significant enough to ensure that Movants have a sufficient financial stake to remain an active participant in the action and oversee its vigorous prosecution by counsel. Albert Fadem Trust v. Citigroup, Inc., 239 F. Supp. 2d 344, 347 (S.D.N.Y. 2002) (LTS) (holding that the movant with the largest financial losses of any lead plaintiff movant was presumptively the most adequate plaintiff); Kaplan v. Gelford, 240 F.R.D. 88, 92 (S.D.N.Y. 2007); See House Conference Report No. 104-369, 104th Cong.1st Sess. at 34 (1995) (citing Conference Report of Securities Reform, H.R. Rep. No. 369, 104 Cong., 1st Sess. 31, reprinted in U.S.C.C.A.N. 679, 730-31). Movants are not aware of any other moving party who has suffered larger losses. Accordingly, Movants satisfy the largest financial interest requirement to be appointed as lead plaintiff in the Actions. Exchange Act § 21D(a)(3) (B)(iii)(I)(bb), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb); Securities Act § 27(a)(3)(B)(iii)(I)(bb), 15 U.S.C.A. § 77z-1(a)(3)(B)(iii)(I)(bb).

### c. Movants Satisfy The Requirements Of Rule 23(a) Of The Federal Rules Of Civil Procedure

The PSLRA provides that the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Exchange Act § 21D(a)(3)(B)(iii)(I)(cc); Securities Act § 27(a)(3)(B)(iii)(I)(cc), 15 U.S.C.A. § 77z-1(a)(3)(B)(I)(iii)(cc)(same). Typicality and adequacy of representation (Rules 23(a)(3) & (a)(4)) are the only provisions relevant to a determination of lead plaintiff under the PSLRA. Kaplan, 240 F.R.D. at 94, citing Shi v. Sina Corp., Nos. 05 Civ. 2154 (NRB) et al., 2005 WL 1561438, at *2 (S.D.N.Y. July 1, 2005) and quoting In re Oxford Health Plans, Inc. Sec. Litig., 182 F.R.D. 42, 49 (S.D.N.Y. 1998); See also Olsten, 3 F. Supp. 2d at 296; In re Party City Sec. Litig., 189 F.R.D. 91, 106 (D.N.J. 1999), citing Gluck v. CellStar Corp., 976 F. Supp. 542, 546 (N.D. Tex. 1997).

The claims asserted by Movants are typical of those of the Class. Movants, like the members of the Class, sold BIVN shares during the Class Period at prices artificially suppressed

7

by defendants' materially false and misleading statements and omissions, and were damaged thereby. Thus, their claims are typical, if not identical, to those of the other members of the Class because Movants suffered losses similar to those of other class members and their losses result from defendants' common course of conduct. In re Oxford Health Plans, Inc. Sec. Litig., 182 F.R.D. 42, 50 (S.D.N.Y. 1998); In re Drexel Burnham Lambert Group, Inc., 960 F.2d 285, 291 (2d Cir. 1992). Accordingly, Movants satisfy the typicality requirement of Rule 23(a)(3).

Movants are adequate representatives for the Class because there is no antagonism between their interests and those of the Class. Oxford, 182 F.R.D. at 50. Moreover, Movants have retained counsel highly experienced in prosecuting securities class actions, and are submitting their choice to the Court for approval pursuant to Exchange Act § 21D(a)(3)(B)(v), 15 U.S.C. § 78u-4(a)(3)(B)(v); Securities Act § 27(a)(3)(B)(v), 15 U.S.C.A. § 77z-1(a)(3)(B)(v). See Squitieri Decl. Ex. F, Firm Resume.

Accordingly, at this stage of the proceedings, Movants have made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies Exchange Act § 21D(a)(3)(B)(iii)(I)(cc), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); Securities Act § 27(a)(3)(B)(iii)(I)(cc), 15 U.S.C.A. § 77z-1(a)(3)(B)(iii)(II)(cc).

**B.     Movant's Selection Of Counsel Should Be Approved**

The PSLRA vests authority in the lead plaintiffs to select and retain lead counsel, subject to court approval. Exchange Act § 21D(a)(3)(B)(v), 15 U.S.C. § 78u-4(a)(3)(B)(v); Securities Act § 27(a)(3)(B)(v); 15 U.S.C.A. § 77z-1(a)(3)(B)(v) ("The most adequate plaintiff shall be subject to approval of the court select and certain counsel to represent the Class"). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the

8

interests of the class." Exchange Act § 21D(a)(3)(B)(iii)(II)(aa), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movants have selected and retained Squitieri & Fearon, LLP as the proposed lead counsel for the Class. Squitieri & Fearon, LLP has extensive experience prosecuting complex class actions, such as this one, and are well qualified to represent the Class. See Squitieri Decl. Exhibit F for the firm resume of Squitieri & Fearon, LLP. As a result, the Court may be assured that by approving Movant's proposed counsel, the Class is receiving the best legal representation available.

Date:   September 11, 2007

                              Respectfully submitted,

                              SQUITIERI & FEARON, LLP

                              By: _____
                                  Lee Squitieri (LS-1684)
                              32 East 57th Street
                              12th Floor
                              New York, New York 10022
                              Tel:  (212) 421-6492

                              Attorneys for Movants