UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
BERT VLADIMIR, individually and on              :     Civil Action No.:
behalf of all others similarly situated,        :     07-CIV-6416 (SHS)
                                                :
                    Plaintiff,                  :
                                                :
    -against-                                   :
                                                :
BIOENVISION, INC., CHRISTOPHER B.               :
WOOD and JAMES S. SCIBETTA,                     :
                                                :
                    Defendants.                 :
                                                :
------------------------------------------------------------X


### THESLING MOVANTS' MEMORANDUM OF LAW IN OPPOSITION TO MOTION BY DONALD JOHNSON FOR APPOINTMENT AS LEAD PLAINTIFF


Date:   September 25, 2007

                              SQUITIERI & FEARON, LLP
                              Lee Squitieri (LS-1684)
                              32 East 57th Street
                              12th Floor
                              New York, New York 10022
                              Tel:  (212) 421-6492

Plaintiff Bert Vladimir and Movant Gary A. Thesling ("Thesling Movants") respectfully submits this memorandum of law opposing the motion by Donald Johnson ("Johnson") for appointment as lead plaintiff and approval of his selection of lead counsel.

## PRELIMINARY STATEMENT

Before the Court are two competing applications seeking to appoint lead plaintiffs in this securities fraud class action.

The Private Securities Litigation Reform Act ("PSLRA") sets forth the precise framework for deciding these motions and provides that the lead plaintiff movant with the "largest financial interest" in the litigation is the *presumptive* lead plaintiff, which presumption can only be overcome by *"proof"* that such lead plaintiff applicant cannot satisfy the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure. Section 21D(a)(3)(B)(iii), 15 U.S.C. § 78u-4(a)(3)(B)(iii).

In determining which lead plaintiff applicant has the "largest financial interest" in the relief sought by the class, courts primarily consider each applicant's losses as a result of its stock transactions during the Class Period.[1] Here, the losses suffered by Thesling Movants during the Class Period -- *$99,955.00 in the aggregate and $97,625.00 for Thesling alone* -- far exceed the losses of Johnson. Accordingly, Thesling Movants have the largest financial interest in the relief sought by the class described in the complaint. They also satisfy the adequacy and typicality requirements of Rule 23 and accordingly are the presumptive co-lead plaintiffs. In his motion, Johnson has not overcome the statutory presumption that Thesling Movants are the most adequate plaintiffs.

---

[1]     The Class Period is defined as May 1, 2007 through and including May 28, 2007 (the Class Period").

1

As a result, the Court should grant Thesling Movants' motion to be appointed co-lead plaintiffs and approve their selection of counsel, and deny the competing motion filed by Johnson.

## ARGUMENT

### I. THE COURT SHOULD APPOINT THESLING MOVANTS AS CO-LEAD PLAINTIFFS

#### (a) Thesling Movants Are The Most Adequate Plaintiffs Within The Meaning Of The PSLRA

Congress has directed that, at an early stage, the court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." Section 21D (a)(3)(B)(iii)(I), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Congress established a rebuttable presumption that the "most adequate plaintiff" is "the person or group of persons", among those filing a timely lead plaintiff motion, that has "the largest financial interest in the relief sought by the Class." The statute also specifies that the most adequate plaintiff must "otherwise satisf[y] the requirements of Rule 23." Section 21D(a)(3)(B)(iii)(I)(cc), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). The presumption may be rebutted upon proof by a member of the proposed class that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class or is subject to unique defenses that render such plaintiff incapable of adequately representing the class." Section 21D(a)(3)(B)(iii)(II), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth herein, there is no question that Thesling Movants have the largest loss among the lead plaintiff movants and are therefore the "most adequate" plaintiffs within the meaning of the PSLRA.

### (b) Thesling and Vladimir Have Demonstrated Initiative And Commitment To Serve As Lead Plaintiffs And Class Representatives

Vladimir contacted his counsel, Lee Squitieri, to retain the firm upon receiving information that BIVN had signed a merger agreement with Genzyme on or about May 28, 2007. Vladimir's initiative led to the investigation by counsel and the preparation and filing of the complaint in this case. Thereafter as required by the PSLRA, Section 21D(a)(3)(A)(i), a notice was issued which announced that a securities class action had been filed against Bioenvision, Inc. and others and which advised putative class members that they had until September 11, 2007 to file a motion to seek appointment as a lead plaintiff in the action. In response thereto, Movant Thesling contacted Vladimir's counsel and after several lengthy discussions with Vladimir's counsel agreed to serve as a representative of the class and to stand for appointment as a proposed lead plaintiff in this action together with Vladimir but alone if necessary. Since Thesling's agreement to serve as a lead plaintiff, Thesling and counsel have had many more communications concerning the case and subsequent events and revelations material to the claims asserted in the action and to be asserted in an amended complaint. In doing so, Thesling attached his certification attesting to its willingness to serve as representative of the Class. See Declaration of Lee Squitieri dated September 11, 2007 ("Squitieri Decl."), Ex. A. Subsequently Thesling revised the certification. See Squitieri Declaration dated September 25, 2007 Exhibit A ("Squitieri Decl. II"). Accordingly, Thesling Movants have satisfied the first requirement to serve as co-lead plaintiffs for the Class. Section 21D(a)(3)(B)(iii)(I)(aa), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

3

### (c) Thesling Has The Largest Loss Of Any Movant And Should Be Appointed Lead Plaintiff

Under the PSLRA, the movant with the largest financial interest who otherwise satisfies the requirements of Federal Rule of Civil Procedure 23 is entitled to a presumption of lead plaintiff status. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). When faced with competing leading plaintiff motions, the courts in this District have consistently appointed the lead-plaintiff movant with the largest financial interest in the relief sought by the class. See, e.g., Albert Fadem Trust v. Citigroup, Inc., 239 F. Supp. 2d 344, 347 (S.D.N.Y. 2002) (LTS) (holding that the movant with largest financial losses of any lead plaintiff movant was presumptively the most adequate plaintiff); Kaplan v. Gelford, 240 F.R.D. 88, 92 (S.D.N.Y. 2007); See House Conference Report No., 104-369, 104th Cong. 1st Sess. at 34 (1995) (citing Conference Report of Securities Reform, H.R. Rep. No. 369, 104 Cong., 1st Sess. 31, reprinted in U.S.C.C.A.N 679, 73-31.

Thesling Movants are the presumptive co- lead plaintiffs under 15 U.S.C. §78u-4(a)(B)(iii)(I) because their total losses, and the individual losses of Thesling, exceed those of Johnson. The most adequate plaintiff presumption "may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff – (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)((3)(B)(ii)(II).

### (d) Thesling Movants Are Precisely The Type Of Lead Plaintiffs Intended By Congress

Typicality and adequacy of representation (Rules 23(a)(3) and (a)(4)) are the only provisions relevant to a determination of lead plaintiff under the PSLRA. Kaplan, 240 F.R.D. at 94, citing Shi v. Sina Corp., Nos. 05 Civ. 2154 (NRB), 2005 WL 1561438, at *2 (S.D.N.Y. July

4

1, 2005) and quoting In re Oxford Health Plans, Inc. Sec. Litig., 182 F.R.D. 42, 49 (S.D.N.Y. 1998); See also Olsten, 3 F. Supp. 2d at 296; In re Party City Sec. Litig., 189 F.R.D. 91, 106 (D.N.J. 1999), citing Gluck v. CellStar Corp., 976 F.Supp. 542, 546 (N.D. Tex. 1997).

Thesling and Vladimir are exactly the type of lead plaintiff that Congress envisioned when it enacted the PSLRA. Thesling is a knowledgeable experienced investor with a significant stake in the outcome of the litigation and he has the resources, expertise and time to devote to this action and has demonstrated, through the numerous communications and discussions with his counsel, that he is committed to serving as lead plaintiff and will devote the time and effort and attention necessary to actively supervise the prosecution of this action. Vladimir is similarly an active and interested plaintiff who has demonstrated his ability to persevere and serve as a committed class representative as evidenced by his diligent pursuit of class claims in Vladimir v Campbell Cowperthwait, Index No. 603019/04, (New York County Supreme Court) where he was appointed a class representative by the Honorable Justice Richard A. Lowe III pursuant to Article 9 of the CPLR. (That order was later vacated by the Appellate Division, First Department as Academic after the First Department reversed the denial of the lower court's denial of defendants' motion for summary judgment. Vladimir has authorized a motion for leave to appeal to the New York State Court of Appeals which is now pending.) As one court recognized, the PSLRA was "intended to create a new model for securities fraud litigation, under which the district court would appoint a strong lead plaintiff who would actively manage the litigation on behalf of the class." Bowman v. Legato Sys., Inc., 195 F.R.D. 655, 658 (N.D. Cal. 2000) (citations omitted). The PSLRA seeks to "'ensure that. . . plaintiffs with expertise in the securities market and real financial interests in the integrity of the market would control the litigation, not lawyers.'" In re Donnkenny Inc. Sec. Litig., 171 F.R.D. 156, 157 (S.D.N.Y.

1997)). Proposed co-lead plaintiffs Vladimir and Thesling both satisfy these requirements based on their conduct to date in connection with this action.

In addition, both Vladimir and Thesling: (a) understand the duties and responsibilities of the lead plaintiff; (b) will work to represent the Class as lead plaintiff and obtain the best possible recovery for the Class; (c) will use their experience, expertise, and resources to oversee the litigation and supervise the work of Class counsel; (d) will actively participate in litigation strategy and any settlement discussions to obtain the largest recovery for the Class. In light of the foregoing, there can be no question that Thesling and Vladimir will adequately represent the Class.

### (e) Thesling Satisfies The Requirements Of Rule 23 Of The Federal Rules Of Civil Procedure

Thesling satisfies the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure, which are the provisions of Rule 23 relevant to the appointment of a lead plaintiff under the PSLRA.

Rule 23 does not require that the named plaintiff be identically situated with all Class members. It is enough if its situation shares a common issue of law or fact with other Class members. See In re Drexel Burnham Lambert Group, Inc., 960 F.2d 285, 291 (2d Cir. 1992).

Here, the questions of law and fact common to Thesling and the other members of the Class include the following:

- whether defendants violated the federal securities laws:
- whether defendants' statements to the investing public omitted and/or misrepresented material facts about Bioenvision and its business; and
- whether the members of the Class sustained damages as a result of the misleading statements, and, if so, what is the proper measure of damages.

6

These questions apply to Thesling Movants and all members of the Class. Similar to the other members of the Class the Thesling Movants sold Bioenvision common stock at prices that were materially suppressed by defendants' misrepresentations and omissions. Because Thesling Movants' claims are based on the same legal theories and arise from the same course of conduct that gives rise to the claims of other Class members, the typicality requirement is satisfied. Thesling Movants are adequate representatives for the Class because there is no antagonism between their interests and those of the Class. See Id.

Moreover, Thesling Movants have retained counsel highly experienced in prosecuting securities class actions, and have submitted their choice to the Court for approval pursuant to Section 21D(a)(3)(B)(v), 15 U.S.C. § 78u-4(a)(3)(B)(v).

(d) **The Informal Objections Of Johnson's Counsel And Defendants' Counsel To The Proposed Co-Lead Plaintiffs Provide No Grounds For Denial Of Thesling Movants' Motion**

(i) **The Concern Of Johnson's Counsel Has Been Addressed**

Johnson's counsel has advised counsel for the Thesling Movants that he was concerned that a parenthetical in paragraphs 2 and 5 of the certification of Gary Thesling dated July 19, 2007 could be construed as only a conditional commitment by Thesling to serve as lead plaintiff. Squitieri Decl. II. Johnson's counsel expressed the concern to Thesling Movant's counsel that if indeed Thesling's commitment to the case was conditioned upon agreement as to reimbursement for lost wages than Thesling may not be an adequate lead plaintiff. Id. Counsel for Johnson indicated that if the certification were modified to remove the parenthetical and therefore eliminate any doubt about Thesling's unconditional commitment to serve as co-lead plaintiff than Johnson's counsel would have no objection to Thesling serving as lead plaintiff. Id. Although Thesling Movants' counsel did not agree that anything in Thesling's original certification

7

indicated any lack of commitment, Thesling readily agreed to subscribe a revised certification to obviate any concern. Id. The certification has been amended to remove the parenthetical which concerned Johnson's counsel. Id. See, e.g., Rozenboom v. Van Der Moolen Holding, N.V., No. 03 Civ. 8384 (RWS), 2004 WL 816440, at *4 n.4 (S.D.N.Y. April 14, 2004) ("... movants may be permitted to clarify or further document their losses or correct any inaccuracies after their initial filing. . . ."); In re Williams Sec. Litig., No. 02-CV-72-H(M), 2002 WL 32153476, at *3 n.8 (N.D. Okla. July 8, 2002) ("The Court finds that the corrected errors in Mr. Meruelo's certification and loss calculation do not provide a sufficient basis for denying his motion to be appointed lead plaintiff"); In re Microstrategy Inc. Sec. Litig., 110 F. Supp. 2d 427, 438 n. 27 (E.D. Va. 2000) (allowing a proposed lead plaintiff to correct it initial motion); Chill v. Green Tree Fin. Corp., 181 F.R.D. 398, 411 (D. Minn. 1998) ("In the final analysis, we find that the noted flaws in the certifications have been sufficiently rectified so as to allow the Court to accept Newman's, Corbett's and Seward's computation of their asserted financial losses"). As of this date, Johnson's counsel appears to agree that Thesling is a qualified lead plaintiff and has requested to be proposed as a co-lead counsel with Thesling Movants' Counsel. Id. That request is not acceptable to either Vladimir or Thesling, neither of whom has ever had any contact with Johnson or his counsel. Id.

      (ii)    **Defendants' Counsels' Objection To Two Co-Lead Plaintiffs Represented By The Same Counsel Is Meritless**

Counsel for defendants has informally raised an objection to the appointment of more than one lead plaintiff on the grounds that it could increase litigation costs. Id. This objection is meritless for three reasons: First defendants have limited ability to object to appointment of lead plaintiffs. The plain language of the PSLRA dictates that only members of the plaintiff class may offer evidence to challenge the ability of a proposed lead plaintiff to represent the class. See,

8

e.g., Fischler v. AMSouth Bancorporation, No. 96-1567-Civ-T-17A, 1997 WL 118429, at *2 (M.D. Fla. Feb. 6, 1997); 15 U.S.C. § 78u-4(a)(3)(B)(iii); Greebel v. FTP Software, Inc., 939 F. Supp. 57, 61 (D. Mass. 1996)); Cf. King v. Livent Inc., 36 F. Supp. 2d 187, 190 (S.D.N.Y. 1999) (noting "nothing in the text precludes" defendants from being heard on lead plaintiff motion but permitting only "limited facial challenge"). Precluding defendants from objecting at this stage will not prejudice them. Any preliminary class certification findings of adequacy and typicality made at this time, do not preclude any party from contesting the ultimate class certification. Koppel v. 4987 Corp., Nos. 96 Civ. 7570, 97 Civ. 1754, 1999 WL 608783, at *8 (S.D.N.Y. Aug. 9, 1999) (appointment as lead plaintiff "does not prejudice defendants' capacity to contest plaintiff's adequacy on a motion for class certification"). Second, the PSLRA permits the appointment of more than one lead plaintiff. For instance In re Oxford Health Plans, Inc. Sec. Litig., 182 F.R.D. 42, 45 (S.D.N.Y. 1999), often cited for the proposition that appointing a group as a lead plaintiff is appropriate, the court appointed three competing movants as lead plaintiffs – on the grounds that such a structure "provides the proposed class with the substantial benefits of joint decision-making and joint funding and is consistent with the language of the PSLRA and the purpose of Congress in enacting it." See also, In re eSpeed Inc. Securities Litigation, 232 F.R.D. 95, 99 (S.D.N.Y. 2005) (noting that majority view in the Southern District of New York "hold that unrelated investors may aggregate under certain circumstances. Id. at 99, citing cases at footnotes 18-22). Third, there are valid reasons to appoint more than one lead plaintiff including the fact that class representation is strengthened with more than one lead plaintiff and provides protection for the class in the event one of the lead plaintiffs cannot fulfill his/her service to the class. Id.

## II. THESLING'S SELECTION OF COUNSEL SHOULD BE APPROVED

Pursuant to Section 21D(a)(3)(B)(v), 15 U.S.C. § 78u-4(a)(3)(B)(v), the lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class. Thesling has selected and retained Squitieri & Fearon, LLP to serve as lead counsel for the Class. As noted in Thesling's opening brief, Squitieri & Fearon, LLP has extensive experience prosecuting complex securities class actions, such as this one, and is well qualified to represent the Class. In the absence of evidence to the contrary, the adequacy of class counsel is normally presumed. See Kalodner v. Michaels Stores, Inc., 172 F.R.D. 200, 211 (N.D. Tex. 1997) (citing, Charles A. Wright, et al., 7A Federal Practice and Procedure § 1765 (2d ed. 1986)). Accordingly, the appointment of Squitieri & Fearon, LLP as lead counsel in this case is proper.

## III. CONCLUSION

As the movant with the largest financial interest in the relief sought by the Class, Thesling respectfully requests that this Court (i) deny the competing lead plaintiff motion; (ii) appoint Thesling as lead plaintiff in the consolidated action; and (iii) approve Thesling's selection of lead and liaison counsel.

Date:   September 25, 2007

Respectfully submitted,

SQUITIERI & FEARON, LLP

By: _____
    Lee Squitieri (LS-1684)
32 East 57th Street
12th Floor
New York, New York 10022
Tel: (212) 421-6492

Attorneys for Gary A. Thesling

10