UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
BERT VLADIMIR, individually and on : Civil Action No.:
behalf of all others similarly situated, : 07-CIV-6416 (SHS)
:
Plaintiff, :
:
-against- :
:
BIOENVISION, INC., CHRISTOPHER B. :
WOOD and JAMES S. SCIBETTA, :
:
Defendants. :
:
------------------------------------------------------------X

### DECLARATION OF LEE SQUITIERI IN OPPOSITION
### TO THE MOTION TO APPOINT DONALD JOHNSON AS LEAD PLAINTIFF

I, Lee Squitieri, declare under penalty of perjury, pursuant to 18 U.S.C. § 1746:

1. I am a member of the law firm of Squitieri & Fearon, LLP. I make this Declaration in Support of the Motion to Appoint Bert Vladimir and Gary Thesling (the "Movants") Co-Lead Plaintiffs pursuant to Section 21D(a)(3)(B) of the Securities and Exchange Act of 1934 and to Approve Co-Lead Plaintiffs' choice of counsel. The matters set forth herein are stated within my personal knowledge.

2. I am submitting this declaration to put before the Court facts concerning the adequacy of the Thesling Movants, including their efforts to date in connection with the prosecution of this action and their commitment to serve as co-lead plaintiffs.

3. Both of the Thesling Movants took the initiative to contact and retain counsel in this action. Vladimir, a pre-existing client, contacted me to retain the firm upon receiving information that BIVN had signed a merger agreement with Genzyme on or about May 28, 2007.

There had been no previous public disclosure that BIVN was engaged in merger discussions or was even been considering a merger and Vladimir had previously sold shares of BIVN common stock. Vladimir's initiative led to the investigation and the preparation and filing of the complaint in this case by this firm. Thereafter, as required by the PSLRA, Section 21D(a)(3)(A)(i), a notice was issued which announced that a securities class action had been filed against Bioenvision, Inc. and others and which advised putative class members that they had until September 11, 2007 to file a motion to seek appointment as a lead plaintiff in the action.

4.    In response thereto, Movant Thesling contacted me and after several lengthy discussions with me, Thesling agreed to join this action and serve as a representative of the class and to stand for appointment as a proposed lead plaintiff together with Vladimir, but alone if necessary. Since Thesling's agreement to serve as a lead plaintiff, Thesling and I have had many more communications concerning the case and subsequent events and revelations material to the claims asserted in the action and to be asserted in an amended complaint. In connection with the instant motion, Thesling executed his certification attesting to his willingness to serve as representative of the Class. See Declaration of Lee Squitieri dated September 11, 2007 ("Squitieri Decl."), Ex. A. When counsel for Johnson questioned one of the representations in Thesling's original certification, I brought that to Thesling's attention. He immediately agreed to clarify the certification, execute a revised form of certification (See Exhibit A, executed revised certification of Gary Thesling) and reaffirm his unconditional commitment to serve as co-lead or lead plaintiff. See discussion, infra at paragraphs 7 and 8.

5.    Thesling is a knowledgeable experienced investor with a significant stake in the outcome of the litigation and he has the resources, expertise and time to devote to this action. He

2

is a licensed real estate professional and CPA who resides in the Scottsdale, Arizona area. See Exhibit B, LinkedIn profile. Thesling has agreed to travel as necessary to New York for his deposition and for any eventual trial of this action if he is appointed co-lead or lead plaintiff. Thesling has demonstrated, through the numerous communications and discussions with me, that he is committed to serving as lead plaintiff and will devote the time and effort and attention necessary to actively supervise the prosecution of this action. Thesling, on more than one occasion, provided me with current news on BIVN relevant to the action.

6. Vladimir is similarly an active and interested plaintiff who has demonstrated his ability to persevere and serve as a committed class representative as evidenced by his diligent pursuit of class claims in <u>Vladimir v Campbell Cowperthwait</u>, Index No. 603019/04, (New York County Supreme Court) where he was appointed a class representative by the Honorable Justice Richard A. Lowe III pursuant to Article 9 of the CPLR. (That order was later vacated by the Appellate Division, First Department as academic after the First Department reversed the lower court's denial of defendants' motion for summary judgment. Vladimir has authorized a motion for leave to appeal to the New York State Court of Appeals which is now pending.)

7. The concern of Johnson's counsel has been addressed. Johnson's counsel has advised counsel for the Thesling Movants that he was concerned that a parenthetical in paragraphs 3 and 5 of the certification of Gary Thesling dated July 19, 2007 could be construed as only a conditional commitment by Thesling to serve as lead plaintiff. Johnson's counsel expressed the concern to Thesling Movant's counsel that if indeed Thesling's commitment to the case was conditioned upon agreement as to reimbursement for lost wages than Thesling may not be an adequate lead plaintiff. Counsel for Johnson indicated that if the certification were

modified to remove the parenthetical and therefore eliminate any doubt about Thesling's unconditional commitment to serve as co-lead plaintiff than Johnson's counsel would have no objection to Thesling serving as lead plaintiff. Although I do not agree that anything in Thesling's original certification indicated any lack of commitment, Thesling readily agreed to subscribe a revised certification to obviate any concern. The certification has been amended to remove the parenthetical which concerned Johnson's counsel. Thesling has never conditioned his participation in this action upon recovery of any lost wages. In both the original and revised certification, Thesling certified that he will not accept any payment for service as a lead plaintiff in the action except as otherwise authorized by the PSLRA.

8. As of this date, Johnson's counsel appears to agree that Thesling is a qualified lead plaintiff because he has asked me to agree that his law firm be proposed as a co-lead counsel with Thesling Movants' Counsel. That request is not acceptable to either Vladimir or Thesling, neither of whom has ever had any contact with Johnson or his counsel.

9. Counsel for defendants have informally raised an objection to the appointment of more than one lead plaintiff on the grounds that it could increase litigation costs. This objection is meritless for three reasons: first, in a PSLRA action, defendants have only a limited ability to object to appointment of lead plaintiffs (See Memorandum of Law accompanying this Declaration); second, the PSLRA permits the appointment of more than one lead plaintiff (Id.); third, there are valid reasons to appoint more than one lead plaintiff including the fact that class representation is strengthened with more than one lead plaintiff and provides protection for the class in the event one of the lead plaintiffs cannot fulfill his/her service to the class.

Executed this 25th day of September, 2007 at New York, New York.

_____
LEE SQUITIERI