**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BERT VLADIMIR, Individually And On Behalf Of All Others Similarly Situated, ) ) ) | |
| Plaintiff, ) | 07 CV 6416 (SHS) (AJP) |
| ) | <u>CLASS ACTION</u> |
| v. ) | |
| ) | ECF CASE |
| BIOENVISION, INC., CHRISTOPHER B. WOOD ) and JAMES S. SCIBETTA, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF**
**THE MOTION OF DONALD JOHNSON FOR APPOINTMENT AS LEAD PLAINTIFF**
**AND APPROVAL OF SELECTION OF LEAD COUNSEL AND IN**
**OPPOSITION TO THE MOTION OF BERT VLADIMIR AND GARY THESLING**

**TABLE OF CONTENTS**

**SECTION** **PAGE**

I.  INTRODUCTION……………….....…………….……………………………..1

II. OVERVIEW……………………………………………………….…..……………….2

III. ARGUMENT…………………………………………………………...………..4

    1.    THESLING IS NOT AN ADEQUATE LEAD PLAINTIFF………..………….4

        A.    Thesling Is Not An Adequate Lead Plaintiff
                Because His Demand For Compensation
                Violates The Provisions Of The PSLRA……………………….…..……....4

        B.    Thesling Is Not An Adequate Lead Plaintiff
                Because His Unwillingness To Serve In A
                Representative Capacity Violates The PSLRA …………...…….………..7

        C.    Thesling's Certification Directly Contravenes The Willingness
                And Adequacy Requirements of The PSLRA And  Rule 23……………..8

        D.    Thesling Is Not Entitled To A Presumption Under The
                PSLRA That He Is The Most Adequate Lead Plaintiff…..………..………9

        E.    Thesling Is Subject To Unique Defenses
                And Will Otherwise Prejudice The Class………………………….…..11

        F.    Thesling Cannot Cure His Inadequacy
                By Submitting A Supplemental Certification……………………………13

    2.    VLADIMIR IS NOT THE MOST ADEQUATE LEAD PLAINTIFF…………. 15

IV.  CONCLUSION…………………………………………………………………......15

I.      INTRODUCTION

Proposed Lead Plaintiff Donald Johnson ("Johnson" or "Movant") respectfully submits this memorandum of law in further support of his motion for appointment as lead plaintiff and approval of selection of lead counsel pursuant to §21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B).  The Court should deny, for the reasons set forth herein, the additional motion for appointment as lead plaintiff filed jointly by Bert Vladimir ("Vladimir") and Gary Thesling  ("Thesling") (collectively, the "Vladimir/Thesling Group").

The certification submitted by Thesling clearly violates the PSLRA's requirements for lead plaintiff certifications in several important respects: it expressly indicates that Thesling is unwilling to serve as a lead plaintiff unless he is able to reach an agreement with his counsel that provides him with an acceptable amount of compensation beyond that allowable by law; it expressly indicates that Thesling is unwilling to certify that he "will not accept any payment for serving as a representative party on behalf of a class beyond the plaintiff's pro rata share of any recovery, except as ordered or approved by the court except as ordered or approved by the court in accordance with paragraph 4"; it directly contravenes the willingness and adequacy requirements of the PSLRA and Fed. Rule Civ. P. 23; it destroys the applicability of any presumption of adequacy as to Thesling; it subjects Thesling to unique defenses and issues that risk becoming a focus of the litigation, especially in connection with a class certification motion; and, it represents an improper and illegal payment arrangement, since Thesling's limitation on the required certification as to payments for serving as a representative party demonstrates that the "compensation" term used by Thesling is not intended as synonymous with the payment elements set forth in the PSLRA's required certification (i.e., the "compensation" demanded by

1

Thesling is separate and apart from his "pro rata share of any recovery… ordered or approved by the court, including the award to a representative of reasonable costs and expenses (including lost wages) directly relating to the representation of the class."). The plain meaning of Thesling's certification indicates as much, since there would be no need to qualify the lawful payment elements with the "compensation" term unless that term was not the same as the lawful payment elements.

For these reasons, and as set forth more fully herein below, the motion of the Vladimir/Thesling Group should be denied, and the motion of Donald Johnson for appointment as lead plaintiff and approval of selection of lead counsel should be granted.

## II.   OVERVIEW

Presently pending before the Court are two motions for appointment of lead plaintiff and approval of lead counsel in the above-captioned securities fraud class action against Bioenvision, Inc. ("Bioenvision" or the "Company") and certain of the Company's officers and/or directors.

As detailed in the moving papers and supporting submissions, movant Johnson sold 9,300 shares of Bioenvision common stock during the period May 1, 2007 through May 28, 2007, and suffered estimated losses of more than $21,400 in connection with those transactions. (*See* Declaration of J. D'Agnenica in Support of Motion of Donald Johnson, dated Sept. 11, 2007 ("D'Agnenica Decl."), at Ex. B - C)  Johnson's sworn certification sets forth, *inter alia*, his unqualified willingness to serve as a lead plaintiff and representative party on behalf of a class of in directing this action, including providing testimony at deposition and trial, if necessary; his understanding that the litigation is not settled, the certification is not a claim form and sharing in any recovery is not dependent upon execution of a plaintiff certification; and, that he "will not accept any payment for serving as a representative party on behalf of a class except to receive his

2

pro rata share of any recovery, or as ordered or approved by the court including the award to a representative party of reasonable costs and expenses including lost wages relating to the representation of the class." (D'Agnenica Decl., Ex. B). Thus, the certification submitted by Johnson satisfies, without limitation, all of the requirements for lead plaintiff certifications set forth in the PSLRA (15 U.S.C. § 78u-4(a)(2)(A), *et seq*.), and also demonstrates that he has suffered a significant loss in connection with his transactions in Bioenvision common stock and otherwise satisfies the typicality and adequacy requirements of Fed. Rule Civ. P. 23.

The Vladimir/Thesling Group submitted certifications of co-movants, Vladimir and Thesling. (Squitieri Decl., Ex. C-D) Vladimir's certification indicates that he sold 1,000 Biovision shares during the class period and suffered damages of $2,300.[1] (Squitieri Decl., Ex. C) In stark comparison, movant Johnson sold 9,300 Bioenvision shares during the class period and suffered damages of $21,900 (D'Agnenica Decl., Ex. B - C), which greatly exceeds the number of shares sold, and total damages suffered, by Vladimir. Thesling's certification abundantly demonstrates that he is not an adequate lead plaintiff since the representations contained in the certification violate the requirements of the PSLRA. Specifically, the certification violates the PSLRA's prohibition on unauthorized compensation to class representatives set forth at 15 U.S.C. § 78u-4(a)(4), and also violates the PSLRA's requirement that the movant state that it is willing to serve as a representative party on behalf of a class set forth at 15 U.S.C. § 78u-4(a)(2)(A)(iii). Thesling's certification violates each of these provisions through its express indication that any willingness on his part to serve in a representative

---

[1] In its rush to the courthouse, movant Vladimir initially submitted a defective certification which indicated that the sale of his Bioenvision shares took place on May 1, 2005, whereas a supplemental certification submitted pursuant to the Court's order of July 25, 2007 indicates that the sale occurred on May 1, 2007. The number of shares sold by Vladimir remained at 1,000.

capacity, or to forego payments for serving as a class representative beyond those allowable by law, is contingent upon an acceptable agreement as to his compensation. (*See* Squitieri Decl., Ex. D ("as long as acceptable compensation has been agreed to")).

Accordingly, movant Johnson suffered damages greatly in excess of the damages suffered by movant Vladimir, and movant Thesling is hopelessly tainted and incapable of fairly and adequately representing the class for reasons set forth more fully herein below. Wherefore, in accordance with the PSLRA, the Vladimir/Thesling motion should be denied and Donald Johnson should be appointed as lead plaintiff and his selected counsel appointed as lead counsel for the Class. *See In Re Baan Company Sec. Litig.*, 271 F. Supp. 2d 3 (D. D.C. 2002) (in class certification setting, where only the adequacy of the proposed class representative is challenged, any lead plaintiff who satisfies the requirements of the PSLRA – which includes the adequacy prong of Rule 23 – will necessarily be a satisfactory class representative; in the class certification setting, the adequacy of the lead plaintiff is an underlying issue).

**III.   ARGUMENT**

    **1.   THESLING IS NOT AN ADEQUATE LEAD PLAINTIFF**

        **A.   Thesling Is Not An Adequate Lead Plaintiff Because
His Demand For Compensation Violates The PSLRA**

The PSLRA requires that a lead plaintiff movant shall provide a sworn certification which states, among other things, "that the plaintiff will not accept any payment for serving as a representative party on behalf of a class beyond the plaintiff's pro rata share of any recovery, except as ordered or approved by the court in accordance with paragraph (4)." [2]   15 U.S.C. §

---

[2]   "Paragraph (4)" referred to at 15 U.S.C. § 78u-4(a)(2)(vi), provides: "RECOVERY BY PLAINTIFFS – The share of any final judgment or of any settlement that is awarded to a representative party serving on behalf of a class shall be equal, on a per share basis, to the portion of the final judgment or settlement awarded to all other members of the class. Nothing in

4

78u-4(a)(2)(vi). It is mandatory for a proposed lead plaintiff to provide a certification containing the foregoing PSLRA language in order to satisfy the adequacy requirements of Rule 23. *See Greater Pennsylvania Carpenters Pension Fund v. Whitehall Jewelers, Inc.*, 2005 U.S. Dist. LEXIS 12971, *12-14 (N.D. Ill. .June 30, 2005) (lead plaintiff application denied due to failure of certification to comply with the mandates of the PSLRA). The PSLRA, thus, prohibits "payment for serving as a representative party." *See Feder v. Electronic Data Systems Corp.*, 429 F.3d 125, *134 (5th Cir. 2005). It is readily apparent that Thesling's certification is defective through a comparison of Thesling's certification versus certifications submitted by lead plaintiff applicants which this Court appointed as lead plaintiffs in various unrelated actions which demonstrate that adequate willingness cannot be conditioned upon acceptable compensation.³

While the PSLRA (15 U.S.C. § 78u-4(a)(4)) and Rule 23 may permit awards to class representatives of reasonable costs and expenses (including lost wages) directly relating to the representation of the class, the certification submitted by movant Thesling expressly contravenes the PSRLA's prohibition of additional unauthorized payments to class representatives. 15 U.S.C. § 78u-4(a)(2)(vi). Thesling's certification states that he "will not accept any payment for

---

this paragraph shall be construed to limit the award relating to reasonable costs and expenses (including lost wages) directly relating to the representation of the class to any representative party serving on behalf of the class." 15 U.S.C. § 78u-4(a)(4).

³   Annexed hereto are lead plaintiff certifications previously filed with this Court in various unrelated securities class actions by lead plaintiff movants that were ultimately appointed by this Court as lead plaintiffs, as reflected in the accompanying related lead plaintiff orders entered by the Court in the following actions: *In Re: Sierra Wireless, Inc. Sec. Litig.*, No. 1:05-md-01696-SHS (Attachments A - B); *Sczesny v. KPMG LLP*, No. 1:03-cv-6480-SHS (Attachments C - D); *In Re: JP Morgan Chase Securities Litigation*, No. 1:02-cv-1282-SHS (Attachments E - F); *Eismann v. Globalstar Telecom*, No. 1:01-cv-1748-PKC (Attachments G - H); *Rothbart v. QLT, Inc.*, No. 1:01-cv-0669-SHS (Attachments I - J); and *In Re: Deutsche Telekom AG Sec. Litig.*, No. 1:00-cv-0719-SHS (Attachments K - L).

5

serving as a representative party, except to receive [his] pro rata share of any recovery or as ordered or approved by the court including the award to a representative of reasonable costs and expenses (including lost wages) directly relating to the representation of the class *(as long as acceptable compensation has been agreed to). See* Squitieri Decl., Ex. D, ¶ 5 (emphasis added). The qualifier, "as long as acceptable compensation has been agreed to", in connection with the statement that Thesling will not accept any payments for serving as a class representative other than specifically identified authorized payments, represents an improper and illegal payment arrangement. The qualifier indicates that the "compensation" term is not intended as synonymous with the authorized payment elements of the required representation. The plain meaning of Thesling's representation indicates as much, since there would be no need to qualify the authorized elements with the "compensation" term unless that term was not the same as the authorized payment elements. Hence, the compensation referred to in Thesling's certification exceeds any lawful payments allowable under Rule 23.

Thesling's representation clearly violates 15 U.S.C. § 78u-4(a)(2)(vi) and provides evidence that Thesling will not fairly and adequately represent the class. *See Greater Pennsylvania Carpenters Pension Fund*, 2005 U.S. Dist. LEXIS 12971, *12-14 (lead plaintiff application denied due to failure of certification to comply with the mandates of the PSLRA). Thus, Thesling is not an adequate lead plaintiff.

        **B.**    **Thesling Is Not An Adequate Lead Plaintiff Because His Unwillingness To Serve In A <u>Representative Capacity Violates The PSLRA</u>**

The PSLRA requires that a lead plaintiff movant shall provide a sworn certification which, among other things, "states that the plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary." 15 U.S.C. § 78u-4(a)(2)(iii). It is mandatory for a proposed lead plaintiff to provide a certification containing the foregoing PSLRA language in order to satisfy the adequacy requirements of Rule 23. *See Greater Pennsylvania Carpenters Pension Fund*, 2005 U.S. Dist. LEXIS 12971, *12-14 (supra). In contravention of this requirement, the certification submitted by Thesling states that the he is "willing to serve as a representative party on behalf of a class and will testify at deposition and trial, if necessary *(as long as acceptable compensation has been agreed to)*." See Squitieri Decl., Ex. D, ¶ 4 (emphasis added). This language clearly contravenes the form and substance of the language required by the PSLRA and provides evidence that Thesling will not fairly and adequately represent the class.

Thesling's certification demonstrates that he will not fairly and adequately represent the interests of the class because his statement of willingness is contingent upon a condition precedent, i.e., an agreement as to his acceptable compensation. This condition evidences a lack of willingness, not only because it contravenes the representations required by the PSLRA, but also because a class representative is typically not entitled to a lead plaintiff award until a case is terminated. Therefore, any expression of willingness that is conditioned upon an award is an illusory obligation. *See In re Xcel Energy, Inc. Sec. Litig.*, 364 F. Supp. 2d 980 (D. Minn. 2005) (motion for award to class representative granted at same time as orders approving class action settlement and class certification were entered). The representations contained in Thesling's

7

certification are also meaningless because a class representative is not necessarily entitled to any award at all. *See*, *Id.* at *1000, quoting *Denney v. Jenkins & Gilchrist*, 2005 U.S. Dist. LEXIS 2507 (S.D.N.Y. Feb. 18, 2005) (award to class representative subject to court's consideration of variety of "circumstances, including the personal risks incurred by the plaintiff in becoming a lead plaintiff, the time and effort expended by that plaintiff in prosecuting the litigation, any other burdens sustained by that plaintiff in lending himself or herself to prosecuting the claims, and the ultimate recovery.")

Thus, the representation that Thesling is willing to serve as a lead plaintiff only under circumstances in which he is provided with "compensation" that he deems "acceptable" does not demonstrate that he is willing to serve as a lead plaintiff. Because Thesling is unwilling to serve as a lead plaintiff, Thesling is not an adequate lead plaintiff within the meaning of the PSLRA and Rule 23.

### C. Thesling's Certification Directly Contravenes The Willingness And Adequacy Requirements Of The PSLRA And Rule 23

The qualifying language set forth in Thesling's certification represents a separate violates the willingness and adequacy requirements of the PSLRA and Rule 23 since not only does the language represent express departures from, and limitations upon, the specific certifications mandated by the PSLRA, the language also has the specific effect of:

(i) rendering the certification requirement under 15 U.S.C. § 78u-4(a)(2)(iii), as to the movant's willingness to serve as a representative party, subject to a condition precedent that an agreement as to compensation be entered into that is acceptable to the movant;

(ii) rendering the certification requirement under 15 U.S.C. § 78u-4(a)(2)(vi), as to the limited prohibition on accepted payment for serving as a representative

8

party, subject to a condition precedent that an agreement as to compensation be entered into that is acceptable to the movant; and

        (iii) requiring that the Court grant so-called "compensation" to Thesling in advance of the appointment of any representative party.

The fact that movant Thesling's willingness to serve as a lead plaintiff is conditioned upon an agreement as to compensation also renders Thesling hopelessly inadequate and unsuitable to serve as a representative party because it represents proof that it:

>  (aa) will not fairly and adequately protect the interest of the class; or
> 
>  (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

### D.  Thesling Is Not Entitled To A Presumption That He Is The Most Adequate Lead Plaintiff

The PSLRA requires that courts "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). In determining which class member is "the most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person . . . that:
> 
>         *        *        *
> 
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> 
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I). In other words, in order for the presumption to attach, the proposed lead plaintiff must make a prima facie showing that it satisfies the requirements of Rule

9

23 (i.e., typicality and adequacy). *In Re Vonage Initial Public Offering (IPO) Sec. Litig.*, 2007 U.S. Dist. LEXIS 66258, *12 (D.N.J. Sept. 6, 2007), citing In re Cendant Corp. Litig., 264 F.3d 201, 265 (3d Cir. 2001).

The presumption is not applicable to Thesling because the inability or unwillingness to serve in a representative capacity that is evidenced by the language contained in his PSLRA certification does not satisfy the adequacy requirements of Rule 23. Rule 23 requires that a class action may be maintained only if, among other things, "the representative parties will fairly and adequately represent the interests of the class." Amchem Products, inc. v. Windsor, 521 U.S. 591 (1997). The evidence in the record does not *prima facie* demonstrate that Thesling satisfies the adequacy requirement of Rule 23.

While the presumption is inapplicable to Thesling for the reasons described herein above, the PSLRA's presumption would, in any event, be rebutted by proof, based on the myriad deficiencies described herein, that Thesling:

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §78u-4(a)(3)(B)(iii)(II). *See In re Vonage IPO Sec. Litig.*, 2007 U.S. Dist. LEXIS 66258, at *12, citing, 15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(II) and 78u-4(a)(3)(B)(iii)(II). The representations contained in Thesling's certification described herein provide ample evidence that Thesling will not fairly and adequately protect the interests of the class because his is more interested in securing compensation for himself than he is in undertaking to represent the interests of absent class members.

Unlike the PSLRA certification form submitted by Movant Donald Johnson, the certification form originally submitted by movant Thesling does not indicate its clear undertaking of the terms required under the PSLRA.

Accordingly, the Vladimir/Thesling Group has not demonstrated that it will perform the duties of lead plaintiff as prescribed by the PSLRA to fairly and adequately represent the interests of the class and is, therefore, not entitled to a presumption that it is the "most adequate lead plaintiff." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

### E.  Thesling Is Subject To Unique Defenses And Will Otherwise Prejudice The Class

Thesling is an inadequate lead plaintiff because he will be subject to unique defenses based on its initial failure to comply with the certification requirements under the PSLRA. Thesling would also be subject to a unique defense as to his adequacy on a class certification motion, on the basis that his certification represents a *quid pro quo* or improper so-called "kick-back" scheme of the sort that has been the subject of recent investigations and indictments issued by the United States Attorney's in Los Angeles against a certain law firm and its partners (none of which are involved in this matter), of which defendants are surely well aware.

In addition to determining the proposed class counsel's zeal and competence and the proposed class representative's willingness and ability, "the district court's adequacy inquiry also serves to uncover conflicts of interest between named plaintiffs and the class they seek to represent." *See Feder v. Electronic Data Systems Corp.*, 429 F.3d 125, *130 (5th Cir. 2005); *See also, In re Leapfrog Enters. Sec. Litig.,* 2005 U.S. Dist. LEXIS 40994, *10 (N.D. Cal. Nov. 23, 2005) (class representatives are not adequate if they suffer from conflicts of interest with other class members or will not vigorously prosecute the case); Fed. R. Civ. P. 23(a) (a class action may be maintained only if, inter alia, the representative parties will fairly and adequately

represent the interests of the class).  Here, Thesling suffers from a conflict of interest that prevents him from fairly and adequately representing all class members because his certification demonstrates that he has placed his interest in securing excessive unauthorized compensation in excess of that allowable by law ahead of the interests of the absent class members who would be harmed by appointment of a lead plaintiff who seeks excessive unauthorized compensation.  *See In re Waste Management*, 128 F. Supp. 2d 401, *427 (S.D. Tex. 2000) (conflicts may arise regarding division of the proceeds of a settlement or a judgment).

In addition, the tendency for lead plaintiffs to withdraw or be removed from a case is apparent from the history of proceedings in numerous similar class actions.[4]  This tendency is heightened where a lead plaintiff is proposed but is not fully aware of the prerequisites for serving as a lead plaintiff.  The withdrawal of a lead plaintiff subjects the Class to major problems and potential catastrophe, as where the actions are dismissed as a consequence of the withdrawal of a lead plaintiff.  To prevent such an occurrence, the movant appointed as lead plaintiff should be one that has most clearly demonstrated a willingness to perform the duties of a lead plaintiff.  Indeed, courts have determined it is important for lead plaintiff applicants to submit factual data setting forth their "willing[ness] to prosecute th[e] case."  *See In re Conseco, Inc. Sec. Litig.*, 120 F. Supp. 2d 729, 732 (S.D. Ind. 2000).

---

[4]   *See In re Terayon Communications Sys., Inc. Sec. Litig.*, Civ. No. C 00-01967 (N.D. Cal. February 23, 2004), Memorandum and Order, Patel, C.J., at 12 (Court removes lead plaintiffs represented subsequent to appointment); *In re Copper Mountain Sec. Litig.*, Civ. No. C-003894 (N.D. Cal. February 10, 2003), Order, Walker, J., at 12 (Unexplained abandonment of action by lead plaintiffs leaves court in predicament); *See also In re Nortel Networks Corp. Sec. Litig.*, 2001 U.S. Dist. LEXIS 20385 *2 (S.D.N.Y. December 10, 2001) (Two groups of lead plaintiffs withdrew from their positions after they had already been appointed lead plaintiffs); *In re Firstplus Fin. Group, Inc. Sec. Litig.*, 2002 U.S. Dist. LEXIS 20446 *3 (N.D. Tex. October 23, 2002) (Two individual lead plaintiffs withdrew from their positions after they had already been appointed lead plaintiffs); *In re Microstrategy, Inc. Sec. Litig.*, 172 F. Supp. 2d 779, 782 (E.D Va. 2001); *Turberg v. CVS Corp.*, 1:01 CV 11464 (D. Mass. August 22, 2002).

### F.  Thesling Cannot Cure His Inadequacy By **Submitting A Supplemental Certification**

The recent submission by Thesling of a supplemental certification does not cure the irreparable inadequacy that his original certification represents.  Thesling has already demonstrated the essential fact that he is unwilling to serve in a representative capacity on terms required by the PSLRA for appointment as a lead plaintiff.  He has also demonstrated that his primary, or at least equivalent, interest is in securing acceptable compensation, and not in representing the class.  If this were not so, he would not have made his willingness to serve as a representative party contingent on his ability to secure acceptable compensation.  The damage that these factors have inflicted on Thesling's willingness and adequacy cannot be reversed through the submission of a supplemental certification, or otherwise.

Unlike *Greater Pennsylvania Carpenters Pension Fund*, 2005 U.S. Dist. LEXIS 12971 (N.D. ILL. June 30, 2005) (supra), where the court allowed the lead plaintiff applicant to supplement the information contained in its original submission in order to include necessary information that was omitted from the original certification (i.e., other actions in which the plaintiff sought to serve as a representative party), any subsequent statement by Thesling cannot erase the irreparable fact that Thesling did, in fact, sign a certification placing his interests ahead of the interests of the absent class members.  These facts fall short of demonstrating a willingness and ability to take an active role in and control of the litigation to protect the interests of absentees.  Moreover, Thesling's counsel is experienced in securities class action litigation and knows that the representations as set forth in the PSLRA to be contained in a certification are mandatory.  Yet, Thesling was apparently nevertheless unwilling to undertake to represent the Class in the absence of an agreement on acceptable compensation.  See *In re*

*Electronic Data Systems Corp. Sec. Litig.*, 226 F.R.D. 559 (E.D. Tex. 2005) (adequacy is defeated by differences between class representatives and class members that create conflicts between the representatives and members).  As stated by the court in *In Re Electronic Data Systems Corp. Sec. Litig.*, "[i]f the court has substantial doubt as to the adequacy of representation, it should act pursuant to its protective responsibility to deny or revoke class certification… since attempting to bind absent parties without adequate representation . . . not only prejudices the absent class members, but also fails to provide a safe harbor in which the party adverse to the judgment can rest." *Id.* at *566, quoting, Johnson v. Shreveport Garment, Co.*,* 422 F. Supp. 526 (W.D. La 1976), *aff'd* 577 F.2d 1132 (5th Cir. 1978)

       Accordingly, Thesling's supplemental certification does not cure the irreparable inadequacy and unique defenses presented by his original certification.

14

### 2. VLADIMIR IS NOT THE MOST ADEQUATE LEAD PLAINTIFF

The memorandum of law submitted in support of the motion of the Vladimir/Miller Group indicates that movant Vladimir sold 1,000 shares of Bioenvision stock and suffered losses of $2,330 (See Memorandum of Law in Support of Motion of the Vladimir/Thesling Group, at 6), in connection with his sale of Bioenvision shares. In comparison, movant Donald Johnson sold 9,300 shares of Bioenvision stock and suffered losses of $21,483 (D'Agnenica Decl., Ex. B), which is considerably greater than the $2,330 loss sustained by movant Vladimir. Thus, movant Vladimir is not the lead plaintiff movant with the largest financial interest that otherwise satisfies the requirements of Rule 23, and Vladimir's motion should be denied. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(bb).

## IV.   CONCLUSION

Based on the foregoing, Movant respectfully requests that the Court grant the motion of Donald Johnson for appointment as lead plaintiff and approval of his selection of lead counsel.

Dated: September 25, 2007

          Respectfully submitted,

          **STULL, STULL & BRODY**

   By: s/ Jason D'Agnenica
      Jules Brody
      Aaron Brody
      Jason D'Agnenica (JD-9340)
      6 East 45th Street
      New York, NY 10017
      Tel: (212) 687-7230

      **Counsel for Movant Donald Johnson**