# Attachment B

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: 7
DATE FILED: 12/16/05

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE: SIERRA WIRELESS, INC. SECURITIES ) No.: 05-md-1696 (SHS)
LITIGATION )

This Document Relates To:

ALL ACTIONS

---

### [PROPOSED] ORDER APPOINTING CO-LEAD PLAINTIFFS, AND APPROVING CO-LEAD PLAINTIFFS' SELECTION OF CO-LEAD COUNSEL

**WHEREAS**, on February 2, 2005, plaintiff in the action captioned *Lawler v. Sutcliffe*, No. 05-CV-1299 (S.D.N.Y.) (the "*Lawler* Action"), filed with this Court a class action complaint on behalf of purchasers of the securities of Sierra Wireless, Inc. ("Sierra Wireless" or the "Company") between January 28, 2004 to January 26, 2005, inclusive (the "Class Period"), alleging violations of the Securities Exchange Act of 1934 ("Exchange Act");

**WHEREAS**, six additional actions related to the *Lawler* Action were subsequently filed with this Court (the "New York Actions"), and two additional related actions were filed in the Southern District of California (the "California Actions," collectively, with the New York Actions, the "Actions");

**WHEREAS**, pursuant to Section 21D (a)(3)(A) of the Exchange Act, as amended by the Private Securities Law Reform Act of 1995 (the "PSLRA"), 15 U.S.C. §78u-4(a)(3)(A), plaintiff in the *Lawler* Action caused notice to be published on *Business Wire* on February 2, 2005, which informed class members of their right to seek appointment as Lead Plaintiff;

**WHEREAS**, on April 4, 2005, the National Elevator Industry Pension Plan ("National Elevator"), pursuant to Section 21D of the PSLRA, timely filed a motion seeking consolidation of the New York Actions, appointment as Lead Plaintiff, and approval of the National Elevator's selection of Lerach Coughlin Stoia Geller Rudman & Robbins LLP as Lead Counsel;

**WHEREAS**, on April 4, 2005, Cary Boyko, Andy Hua, John Travan, Roger S. Curry, and James M. Dowd (collectively, the "Boyko Group"), pursuant to Section 21D of the PSLRA, timely filed a motion seeking consolidation of the New York Actions, appointment as Lead Plaintiff, and approval of the Boyko Group's selection of Milberg Weiss Bershad & Schulman LLP as Lead Counsel;

**WHEREAS**, on April 4, 2005, Kostmayer Investments, Inc., Anthony Kryzwicki, and the Ming Hong Club (collectively, the "Kostmayer Group"), pursuant to Section 21D of the PSLRA, timely filed a motion seeking consolidation of the New York Actions, appointment as Lead Plaintiff, and approval of the Kostmayer Group's selection of Pomerantz Haudek Block Grossman & Gross LLP as Lead Counsel;

**WHEREAS**, on April 4, 2005, Gurvinder Takhar, Michel Tamine, Andre Methot, Hong Nguyen, and Julie L. Okamoto (collectively, the "Takhar Group"), pursuant to Section 21D of the PSLRA, timely filed a motion seeking consolidation of the New York Actions, appointment as Lead Plaintiff, and approval of the Takhar Group's selection of Murray Frank & Sailer LLP and Glancy Binkow & Goldberg LLP as Co-Lead Counsel;

**WHEREAS**, on April 4, 2005, Thomas Ginn, Randall Logue, Nazaire Pierre, and Alberto Ruiz (collectively, the "Ruiz Group"), pursuant to Section 21D of the PSLRA timely filed a motion seeking consolidation of the New York Actions, appointment as Lead Plaintiff, and approval of the Ruiz Group's selection of Schiffrin & Barroway, LLP as Lead Counsel, and Brodsky & Smith, LLC as Liaison Counsel;

**WHEREAS**, on April 4, 2005, ABC Arbitrage, pursuant to Section 21D of the PSLRA timely filed a motion seeking consolidation of the New York Actions, appointment as Lead Plaintiff, and approval of the ABC Arbitrage's selection of Berger & Montague, P.C. as Lead Counsel;

**WHEREAS**, on April 4, 2005, Mary E. Pasi, Milton A. Karetas, and John D. Stradiotto (collectively, the "Pasi Group"), pursuant to Section 21D of the PSLRA, timely filed a motion seeking consolidation of the New York Actions, appointment as Lead Plaintiff, and approval of the Pasi Group's selection of Stull Stull & Brody and Weiss & Lurie as Co-Lead Counsel;

**WHEREAS**, on April 27, 2005, the Ruiz Group withdrew its motion, and is no longer seeking consolidation of the actions, appointment as Lead Plaintiff, and approval of its selection of Lead and Liaison Counsel;

**WHEREAS**, on April 29, 2005, Jonathan Epstein, one of the plaintiffs in the New York Actions, filed a motion with the Judicial Panel on Multidistrict Litigation ("MDL") for the consolidation of the New York Actions with the California Actions, and the transfer of the Actions to the Southern District of New York (the "MDL Motion");

**WHEREAS**, on May 9, 2005, the Boyko Group filed a motion to stay all proceedings pending resolution of the MDL Motion ("Motion to Stay");

**WHEREAS**, on August 22, 2005, the MDL ordered the transfer of the Actions to the Southern District of New York for coordinated or consolidated pre-trial proceedings;

~~WHEREAS, on August 24, 2005, the Court consolidated the Actions with 05-md-1696 (SHS);~~

**WHEREAS**, on August 31, 2005, the Court denied as moot the Boyko Group's Motion to Stay;

**WHEREAS**, on September 15, 2005, National Elevator and the Boyko Group proposed that the Court appoint them as Co-Lead Plaintiffs and approve their selection of Milberg Weiss

3

Bershad & Schulman LLP and Lerach Coughlin Stoia Geller Rudman & Robbins LLP as Co-Lead Counsel; and

WHEREAS, the motions for *Consolidation,* Lead Plaintiff and Lead Counsel were fully briefed and this Court having heard ~~the~~ *oral* argument ~~of counsel~~ *on all pending motions* ~~for all persons seeking appointment as Lead Plaintiff~~ *SHS* on December 2, 2005;

NOW, THEREFORE, IT IS HEREBY ORDERED:

**MASTER DOCKET AND MASTER FILES** *for all pretrial purposes pursuant to Fed. R. Civ. P. 42(a)*

1. The Actions are consolidated ~~A Master File is hereby established~~

2. A Master File is hereby established for this proceeding. The Master File shall be No. 05-md-1696 (SHS). The Clerk shall file all pleadings in the Master File and note such filings on the Master Docket.

3. An original of this Order shall be filed by the Clerk in the Master File.

4. The Clerk shall mail a copy of this Order to Counsel of record in the Consolidated Action.

**CAPTION OF CASE**

5. Every pleading filed in the Consolidated Action shall have the following caption:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: SIERRA WIRELESS, INC. SECURITIES LITIGATION | ) ) ) No. 05-md-1696 (SHS) ) ) |
| This Document Relates To: | ) ) |

6. When a pleading is intended to be applicable to all actions to which this Order is applicable, the words "All Actions" shall appear immediately after the words "This Document Relates To:" in the above caption. When a pleading is intended to be applicable only to some, but not all, of such actions, the separate captions and docket number for each action to which the

pleading is intended to be applicable shall appear immediately after or below the words "This Document Relates To:" in the above caption.

## NEWLY-FILED OR TRANSFERRED ACTIONS

7. This Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that might properly be consolidated as part of the Consolidated Action.

8. When a case arising out of the same subject matter of the Consolidated Action is hereinafter filed in this Court or transferred from another Court, the Clerk of this Court shall:

    (a) File a copy of this Order in the separate file for such action;

    (b) Mail a copy of this Order to the attorneys for the plaintiff(s) in the newly filed or transferred case and to any new defendant(s) in the newly-filed or transferred case; and

    (c) Make the appropriate entry in the Master Docket for the Consolidated Action.

9. Each new case that arises out of the subject matter of the Consolidated Action that is filed in this Court or transferred to this Court, shall be consolidated with the Consolidated Action and this Order shall apply thereto, unless a party objects to consolidation, as provided for herein, or any provision of this Order, within ten (10) days after the date upon which a copy of this Order is served on counsel for such party, by filing an application for relief and this Court deems it appropriate to grant such application. Nothing in the foregoing shall be construed as a waiver of the Defendants' right to object to consolidation of any subsequently-filed or transferred, related action.

## APPOINTMENT OF CO-LEAD PLAINTIFFS AND CO-LEAD COUNSEL

10. The motions of National Elevator and the Boyko Group are granted, and all other motions for appointment as Lead Plaintiff are denied. National Elevator, Cary Boyko, Andy

5

ua, John Travan, Roger S. Curry, and James M. Dowd are hereby appointed Co-Lead Plaintiffs in the Consolidated Action pursuant to Section 21D(a)(3)(E) of the PSLRA.

10. Milberg Weiss Bershad & Schulman LLP and Lerach Coughlin Stoia Geller Rudman & Robbins LLP are hereby appointed Co-Lead Counsel for plaintiffs in the Consolidated Action, and for the proposed Class. Co-Lead Counsel shall assume and exercise the following powers and responsibilities:

(a) To coordinate the briefing and argument of motions;

(b) To coordinate the conduct of written discovery proceedings;

(c) To coordinate the examination of witnesses in depositions;

(d) To coordinate the selection of counsel to act as spokesperson at pre-trial conferences;

(e) To call meetings of plaintiffs' counsel as they deem necessary and appropriate from time to time;

(f) To conduct all settlement negotiations with counsel for the Defendants;

(g) To coordinate and direct the preparation for trial and the trial of this matter, and to delegate work responsibilities to selected counsel as may be required;

(h) To receive orders, notices, correspondence and telephone calls from the Court on behalf of all plaintiffs, and to transmit copies of such orders, notices, correspondence and memoranda of such telephone calls to plaintiffs' counsel; and

(i) To supervise any other matters concerning the prosecution or resolution of the Consolidated Action.

11. With respect to scheduling and/or procedural matters, Defendants' counsel may rely upon all agreements with Co-Lead Counsel.

12. No pleadings or other papers shall be filed or discovery conducted by any plaintiff except as directed or undertaken by Co-Lead Counsel.

6

## SERVICE OF PLEADINGS ON OTHER PARTIES

14. All papers shall be served on all counsel for all defendants and upon plaintiffs' Co-Lead Counsel, Milberg Weiss Bershad & Schulman LLP and Lerach Coughlin Stoia Geller Rudman & Robbins LLP.

## SCHEDULING

15. Co-Lead Plaintiffs shall file a consolidated amended complaint within sixty (60) days of the entry of this order.

16. Defendants shall answer, move to dismiss, or otherwise respond to the consolidated amended complaint within ~~sixty (60)~~ *forty-five (45)* days after the date on which they are served with such pleading.

17. If defendants move to dismiss the consolidated amended complaint, Co-Lead Plaintiffs shall file an opposition or otherwise respond to defendants' motion to dismiss within *forty-five (45)* ~~sixty (60)~~ days after the date on which they are served with such pleading.

18. Defendants shall reply or otherwise respond to Co-Lead Plaintiffs' opposition to defendants' motion to dismiss within ~~forty-five (45)~~ *fifteen (15)* days after the date on which they are served with such pleading.

## MISCELLANEOUS

19. Counsel in any related action that is consolidated with the Consolidated Action shall be bound by this Order.

**IT IS SO ORDERED**

DATE: _December 6, 2005_

_____
THE HONORABLE SIDNEY H. STEIN
UNITED STATES DISTRICT JUDGE

7