# Attachment D

ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

The CONSTANCE SCZESNY TRUST
and EDWARD S. SCZESNY TRUST, individually
and on behalf of all others similarly situated

       Plaintiffs,

 -against-

KPMG LLP, GARY DICAMILLO,
CARL LEUDERS, and DONALD HALSTEAD

       Defendants.
------------------------------------------------------------X
------------------------------------------------------------X

03 Civ. 6480 (SHS)

LOUIS J. DECANIO, individually and on behalf
of all others similarly situated

       Plaintiffs,

 -against-

GARY DICAMILLO, CARL LEUDERS,
DONALD HALSTEAD, WILLIAM L. FLAHERTY,
JUDITH G. BOYNTON and KPMG LLP,

       Defendants.
------------------------------------------------------------X
------------------------------------------------------------X

03 Civ. 6699 (SHS)

EARNEST HACK, individually and on behalf
of all others similarly situated

       Plaintiffs,

 -against-

GARY DICAMILLO, CARL LEUDERS,
DONALD HALSTEAD, and KPMG LLP,

       Defendants.
------------------------------------------------------------X
------------------------------------------------------------X

03 Civ. 6882 (SHS)

1

```
MICHAEL E. MAGNUSKI, individually and on behalf    :
  of all others similarly situated                  :
                                                    :
                           Plaintiffs,              :      03 Civ. 7237 (SHS)
                                                    :
       -against-                                    :
                                                    :
GARY DICAMILLO, CARL LEUDERS,                       :
DONALD HALSTEAD, WILLIAM L. FLAHERTY,               :
JUDITH G. BOYNTON and KPMG LLP,                     :
                                                    :
                           Defendants.              :
-------------------------------------------------------x
-------------------------------------------------------x
RICKY B. BLOCK, individually and on behalf of       :
  all others similarly situated                     :
                                                    :
                           Plaintiffs,              :      03 Civ. 7449 (SHS)
                                                    :
       -against-                                    :
                                                    :
GARY DICAMILLO, CARL LEUDERS,                       :
DONALD HALSTEAD, and KPMG LLP,                      :
                                                    :
                           Defendants.              :
-------------------------------------------------------x
-------------------------------------------------------x
ALFRED and SANDRA DAY, individually and             :
on behalf of all others similarly situated          :
                                                    :
                           Plaintiffs,              :      03 Civ. 7454 (SHS)
                                                    :
       -against-                                    :
                                                    :
GARY DICAMILLO, CARL LEUDERS,                       :
DONALD HALSTEAD, and KPMG LLP,                      :
                                                    :
                           Defendants.              :
-------------------------------------------------------x
-------------------------------------------------------x
NORMAN MOSCOWITZ, individually and on behalf        :
of all others similarly situated                    :
                                                    :
                           Plaintiffs,              :      03 Civ. 7499 (SHS)
```

```
            -against-                              :
                                                   :
KPMG LLP GARY DICAMILLO,                           :
CARL LEUDERS DONALD HALSTEAD, WILLIAM L.           :
FLAHERTY, and JUDITH G. BOYNTON                    :
                                                   :
                    Defendants.                    :
------------------------------------------------------------X
------------------------------------------------------------X
ELWOOD LUTSEY, individually and on behalf          :
of all others similarly situated                   :
                                                   :
                    Plaintiffs,                    :         03 Civ. 8057 (SHS)
                                                   :
            -against-                              :
                                                   :
GARY DICAMILLO, CARL LEUDERS,                      :
DONALD HALSTEAD, WILLIAM L. FLAHERTY,              :
JUDITH G. BOYNTON and KPMG LLP,                    :
                                                   :
                    Defendants.                    :
------------------------------------------------------------X
------------------------------------------------------------X
THOMAS B. and DEBRA A. ACKERKNECHT,                :
individually and on behalf of all others similarly situated :
                                                   :
                    Plaintiffs,                    :         03 Civ. 8433 (SHS)
                                                   :
            -against-                              :
                                                   :
GARY DICAMILLO, CARL LEUDERS,                      :
DONALD HALSTEAD, WILLIAM L. FLAHERTY,              :
JUDITH G. BOYNTON and KPMG LLP,                    :
                                                   :
                    Defendants.                    :
------------------------------------------------------------X
```

OPINION AND ORDER

SIDNEY H. STEIN, U.S. District Judge.

These are nine related securities actions arising from alleged misrepresentations in Polaroid Corporation's public securities filings in the spring of 2001. Plaintiffs, purchasers

3

of shares of Polaroid common stock and options for the purchase of Polaroid shares, allege that defendant KPMG LLP and the individual defendants caused the issuance of false or misleading financial disclosures regarding the proper accounting for Polaroid's deferred tax credits and its restructuring costs, in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Securities and Exchange Commission Rule 10b-5.

Four sets of plaintiffs have moved this Court to consolidate, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, the nine pending related actions and any subsequently filed related action.[1] Three sets of plaintiffs: the Catherine Sczesny Trust and the Edward S. Sczesny Trust (the "Sczesny Trusts"); Stephen Morgan; and Martin A. Braver and Harold K. Schultz have moved for their respective appointment as the lead plaintiff for those related actions and for approval of their selections for the lead counsel. Additionally, Jacob Bash, who purchased options for Polaroid common stock as well as shares of that stock, has moved for his appointment as the lead plaintiff for a sub-class of purchasers of Polaroid options and for approval of his selection of the lead counsel for that sub-class.

For the reasons set forth below, the motions for consolidation, unopposed by defendants, are granted. Moroever, Sczesny Trusts' motion for appointment as the lead plaintiff and for approval of its selection of Goodkind, Labaton, Rudoff & Sucharow LLP as the lead counsel is granted, while the two similar motions filed on behalf of Braver and Schultz and on behalf of Morgan are denied. Finally, Bash's motion for his appointment as the lead plaintiff of a sub-class of option purchasers and for approval of his selection of the

---

[1] Two other sets of plaintiffs, Alfred and Sandra Day and Dennis Schardt, also moved for consolidation of related actions, for their appointments as the lead plaintiff and for approval of their selection of lead counsel, but they subsequently withdrew those motions.

4

lead counsel for that sub-class is denied as premature, without prejudice to its renewal.

BACKGROUND:

Polaroid Corporation was a "leading instant imaging company," well-known for its instant film products and instant cameras. (Sczesny Trusts' Complaint at ¶ 11) In October of 2001, Polaroid filed a voluntary petition for bankruptcy protection under Chapter 11 of the U.S. Bankruptcy Code, 11 U.S.C. § 1101 *et. seq.*, in the District of Delaware. See In re Polaroid Corp., 01-10864, 2004 WL 253479 at *1 (D.Del. Feb. 09, 2004).

The pending related securities actions pertain to financial disclosures in Polaroid's 2000 Form 10-K and first quarter 2001 Form 10-Q filings, issued a few months before Polaroid's foray into bankruptcy, regarding the accounting for more than $300 million of deferred tax credits and more than $5 million in restructuring costs. Plaintiffs allege that those disclosures contravened public accounting standards and resulted in the dissemination of materially false or misleading financial information to investors. Plaintiffs further allege that defendant KPMG LLP, Polaroid's outside auditor during the relevant period, and the individual defendants, who were Polaroid's corporate officers or KPMG partners responsible for Polaroid's audit, knowingly or recklessly caused the issuance of those false or misleading financial disclosures and thereby caused substantial losses to plaintiffs and other investors.

Sczesny Trusts filed the initial class action complaint on August 26, 2003. In accordance with the requirements of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § § 78u-4a(3)(A)(i)(I), Sczesny Trusts also published a notice, over the PR Newswire, on that day announcing the pendency of the securities action. (Declaration of Joel H. Bernstein at Exhibit B) Within the statutory 60-day period, see 15

5

U.S.C. §§ 78u-4a(3)(A)(i)(II), eight related class action complaints were filed in this District based upon the same factual allegations and asserting substantially similar claims.

DISCUSSION

    A.    <u>Consolidation</u>

Rule 42(a) of the Federal Rules of Civil Procedure vests this Court with the authority to order the consolidation of all actions that "involv[e] a common question of law or fact ... pending before the court." Consolidation of multiple actions alleging securities fraud is appropriate where those actions relate to "the same 'public statements and reports'" and where consolidation would not prejudice the defendants. See <u>Primavera Familienstiftung v. Askin</u>, 173 F.R.D. 115, 129 (S.D.N.Y. 1997) (internal quotations omitted).

Here, the gravamen of the complaints in each of the related actions is the same allegedly fraudulent accounting treatment of certain tax credits and expenses in Polaroid's public securities filings issued in the spring of 2001. Therefore, crucial factual and legal questions are common to all the related actions. Although some variations exist in the parameters of the alleged class periods, such "minor differences" are insufficient to preclude consolidation. See <u>Ferrari v. Impath, Inc.</u>, 03 Civ. 5667, 2004 WL 1637053 at *2 n.5 (S.D.N.Y. July. 20, 2004). Moreover, it is clear that consolidation would not prejudice the defendants, who have not opposed the motions for consolidation. Accordingly, this Court finds that it is appropriate to consolidate the nine pending related securities actions.

    B.    <u>Appointment of the Lead Plaintiff</u>

    1.    *Legal Standards*

In consolidated securities litigations, the PSLRA recommends courts to make the decision regarding the appointment of the "most adequate" plaintiff as the lead plaintiff for

6

the consolidated actions "[a]s soon as practicable after [the consolidation] decision is rendered." See 15 U.S.C. § 78u-4a(3)(B)(ii). Under the PSLRA, the selection of lead plaintiff proceeds in a two-stage inquiry.

First, this Court must determine which member of the putative class of plaintiffs is entitled to the statutory presumption of being the "most adequate" lead plaintiff. A party qualifies for that presumption if it "(1) filed an initial complaint or timely moved for appointment as lead plaintiff; (2) has the largest financial interest in the case; and (3) otherwise satisfies the requirements of Rule 23, describing the requirements for class actions generally." See In re IPO Sec. Litig., 214 F.R.D. 117, 120-21 (S.D.N.Y. 2002) (citing 15 U.S.C. § 78u-4a(3)(B)(iii)(I)(aa)–(cc)). Once those criteria for the statutory presumption have been met, that presumption can be rebutted by another member of the class upon a showing that the presumptive lead plaintiff either suffers from the inability to "fairly or adequately protect the interests of the class" or is "incapable of adequately representing the class" due to being subject to "unique defenses." See 15 U.S.C. § 78u-4a(3)(B)(iii)(II).

2.    *Each Movant Meets the Notification and Timely Filing Requirements*

The PSLRA requires the plaintiff responsible for filing the initial complaint in a series of related securities actions to publish a notice within 20 days of filing that initial complaint to inform potential class members of their right to seek appointment as the lead plaintiff. See 15 U.S.C. § 78u-4a(3)(A). Those plaintiffs who file a complaint or move within 60 days of publication of the notice may qualify for the appointment as the lead counsel. See 15 U.S.C. § 78u-4a(3)(B)(iii)(I)(aa).

As noted above, Sczesny Trusts filed the initial complaint on August 26, 2003 and

7

promptly published a notice announcing the pendency of that action. The other movants, Bash; Morgan; and Braver and Schultz made their motions within the 60-day statutory period for seeking appointment as the lead plaintiff. Accordingly, the procedural requirements of the PSLRA are satisfied.

    3.    *Sczesny Trusts Have the Largest Financial Interest*

Because the PSLRA does not specify a particular method for a court to determine the size of a proposed lead plaintiff's financial interest, courts have examined a number of factors to make that evaluation, including "(1) the number of shares purchased during the class period, (2) the number of net shares purchased during the class period, (3) the total net funds expended during the class period, and (4) the approximate loss suffered during the class period." See Ferrari, 2004 WL 1637053 at *4 (citing In re Olsten Corp. Sec. Litig., 3 F.Supp.2d 286, 296 (E.D.N.Y. 1998)). Examining the evidence adduced by the movants in light of those standards, this Court finds that Sczesny Trusts have the largest financial stake in the relief sought among the four movants.

Morgan urges this Court to assess his financial interest in this litigation not solely on the basis of his individual losses but to aggregate, instead, the losses suffered by the members of a group of Polaroid shareholders who had, according to Morgan, banded together to intervene in Polaroid's bankruptcy proceedings in the District of Delaware. This Court has the discretion to appoint more than one lead plaintiff and can aggregate the losses suffered by that group of investors. See e.g., In re Oxford Health Plans, Inc. Sec. Litig., 182 F.R.D. 42, 46 (S.D.N.Y. 1998). However, while Morgan has shown a commendable initiative in becoming involved in the Polaroid bankruptcy proceedings, see In re Polaroid, 2004 WL 253479 at *1,

8

he has not proffered sufficient evidence that the support of the other shareholders he points to is adequate to support aggregation of the financial interests of that putative group of shareholders for purposes of determining which moving party has the largest financial interest. Accordingly, this Court finds that Sczesny Trusts are the class members with the largest financial interest in the outcome of this litigation.

    4.    *Sczesny Trusts Have also Met the Rule 23 Requirements*

Rule 23 of the Federal Rules of Civil Procedure sets forth the four prerequisites for certification of a class action, which are known colloquially as numerosity, commonality, typicality, and adequacy. See In re Deutsch Telecom AG Sec. Litig., 229 F. Supp. 2d. 277, 280 (S.D.N.Y. 2002). Of those four prerequisites, only the last two factors—typicality and adequacy—are pertinent to the selection of lead plaintiff at the consolidation stage. See In re Oxford Health Plans, 182 F.R.D. at 50 (internal citations omitted); Weinberg v. Atlas Air Worldwide Holdings, Inc., 216 F.R.D. 248, 252 (S.D.N.Y. 2003).

Typicality of claims exists if "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendants' liability," even if some "minor variations" exist in the factual allegations asserted by different class members. See In re Deutsch Telecom, 229 F. Supp. 2d. at 281 (internal quotations omitted); Ferrari, 2004 WL 1637053 at *5 (noting that "claims of the proposed lead plaintiff need not be identical to the claims alleged by other class members"). Adequacy of a proposed lead plaintiff turns on whether that plaintiff "will fairly and adequately protect the interests of the class." See Fed. R. Civ. P. 23(a). In this examination, the Court scrutinizes (1) whether the proposed class counsel is "qualified, experienced, and generally able to

conduct the litigation;" see In re Deutsch Telecom, 229 F. Supp. 2d. at 282 (internal quotations omitted); (2) whether the proposed lead plaintiff has interests that are antagonistic to other class members; see In re Universal Access, Inc. Sec. Litig., 209 F.R.D. 379, 386 (E.D.Tex. 2002); and (3) whether the proposed lead plaintiff and the class possess sufficient interest to pursue vigorous prosecution of their claims. See Weltz v. Lee, 199 F.R.D. 129, 133 (S.D.N.Y. 2001).

Here, the Sczesny Trusts' claims arise from the same alleged misrepresentations regarding Polaroid's financial state in the same public securities filings as alleged in the eight other actions. Those claims are premised on violations of federal securities laws and share the same legal basis as claims asserted by other class members. Therefore, Sczesny Trusts satisfy the typicality requirement of Rule 23(a).

Sczesny Trusts have also satisfied the adequacy requirement of Rule 23. First, the firm of Goodkind, Labaton, Rudoff & Sucharow LLP, Sczesny Trusts' selection for the lead counsel, has represented both individual shareholders and institutional investors in numerous federal securities litigations and has served as lead counsel in prior securities class actions. In light of its experience, this Court finds that Goodkind, Labaton, Rudoff & Sucharow LLP is qualified and capable of conducting this litigation on behalf of the putative class. Second, there is no evidence that Sczesny Trusts have any conflict of interest, such as the existence of a unique defense, that would render its interests antagonistic to that of other members of the putative class. Finally, Sczesny Trusts have displayed a willingness to vigorously pursue its claims.

In sum, Sczesny Trusts have satisfied the three-prong requirements of the PSLRA and

are therefore entitled to the presumption of being the "most adequate" candidate as the lead plaintiff.

    5.    *Morgan Has Not Rebutted the Statutory Presumption*

As delineated above, to rebut the statutory presumption in favor of Sczesny Trusts, another movant must adduce proof that Sczesny Trusts would not be able to "fairly or adequately protect the interests of the class" or to adequately represent the class due to its being subject to "unique defenses." See Ferrari, 2004 WL 1637053 at *6. The other movants have not met this burden.

Morgan asserts that Sczesny Trusts will not "fairly and adequately protect the interests of the class" because "there is no evidence that either of ... the named trustees of the [Sczesny Trusts] has any experience in business affairs that would qualify them to make the difficult decisions that may be required as this case moves forward to trial." (Morgan Reply Memorandum of Law at 2) Such conclusory assertions of inadequacy are, however, insufficient to rebut the statutory presumption under the PSLRA without specific support in evidence of the existence of an actual or potential conflict of interest or a defense to which Sczesny Trusts would be uniquely subject. See e.g., Sofran v. LaBranche & Co., Inc., 220 F.R.D. 398, 403-04 (S.D.N.Y. 2004) (emphasizing that the PSLRA requires proof of inadequacy and not merely speculations).

    6.    *Appointment of a Lead Plaintiff for a Sub-Class of Polaroid Option Purchasers Is Premature*

Jacob Bash seeks to be appointed the lead plaintiff for a sub-class of purchasers of options for Polaroid's common stock. According to Bash, the appointment of lead plaintiff for such a sub-class is necessary because the option investors could face unique defenses that

would not confront such purchasers of Polaroid shares as Sczesny Trusts.

Bash is correct that some courts have dismissed securities fraud claims asserted by option holders, where their losses resulted from alleged omissions. See e.g., Leventhall v. General Dynamics Corp., 704 F.2d 407 (8th Cir. 1983). Here, however, the option holders have alleged that defendants made affirmative misrepresentations in Polaroid's public securities filings, which, as numerous courts have held, can support claims for securities fraud under the Exchange Act. See e.g., In re: Oxford Health Plans Inc. Securities Litig., 244 F. Supp. 2d. 247 (S.D.N.Y. 2003); In re: Arakis Energy Corp. Securities Litig., 95 Civ. 3431, 1999 WL 1021819 at*3-4 (E.D.N.Y. Apr. 27, 2003); In re: Waste Management Inc. Securities Litig., 128 F. Supp. 2d. 401, 427-28 (S.D.Tex. 2000). Therefore, the interests of Polaroid option investors and shareholders are not sufficiently differentiated to require the appointment of a "niche" lead plaintiff at this time. See Weinberg, 216 F.R.D. at 253-54.

To the extent that different formulas may apply to the calculation of any damages suffered by option investors and shareholders, this Court can order certification of appropriate sub-classes at a later juncture within its broad discretion in arranging the structure of a class action litigation "at any time before the decision on the merits." See In re Deutsch Telecom, 229 F. Supp. 2d at 283. In sum, the appointment of lead plaintiff for a sub-class of Polaroid option investors is premature. Accordingly, Bash's motion for appointment as lead plaintiff and for approval of his selection of lead counsel is denied, without prejudice to its renewal.

    C.    Appointment of Lead Counsel

Subject to this Court's approval, the lead plaintiff is empowered under the PSLRA to

12

select and retain counsel to represent the class members in the consolidated actions. See 15 U.S.C. § 78u-4a(3)(B)(v). This Court finds that Goodkind, Labaton, Rudoff & Sucharow LLP, the lead plaintiff's proposed selection, possesses the requisite experience to represent the interests of the class members and approves its selection as the lead counsel.

CONCLUSION

For the reasons set forth above, the motions for consolidation of these nine actions pertaining to the allegedly fraudulent financial reporting in Polaroid's public statements are granted. Furthermore, the Sczesny Trusts' motion for appointment as the lead plaintiff and for the approval of the selection of Goodkind, Labaton, Rudoff & Sucharow LLP as lead counsel are granted, while similar motions filed by Morgan; Braver and Schultz; and Bash are denied. Bash's motion for his appointment as the lead plaintiff for a sub-class of option purchasers and the appointment of his selection for lead counsel for that sub-class is denied without prejudice to its later renewal, if appropriate. Lead plaintiffs shall serve and file an amended consolidated class action complaint within 45 days of this Opinion and Order.

Dated: New York, New York
      September 20, 2004

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.