UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
                                    )
BERT VLADIMIR, Individually And On Behalf )
Of All Others Similarly Situated,   )
                                    )           07 CV 6416 (SHS) (AJP)
                        Plaintiff,  )
                                    )           <u>CLASS ACTION</u>
            v.                      )
                                    )           ECF CASE
BIOENVISION, INC., CHRISTOPHER B. WOOD )
and JAMES S. SCIBETTA,              )
                                    )
                        Defendants. )
_____)


**REPLY MEMORANDUM IN FURTHER SUPPORT OF
THE MOTION OF DONALD JOHNSON FOR APPOINTMENT
AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**

**TABLE OF CONTENTS**

**SECTION**                                                                                                          **PAGE**

I.   PRELIMINARY STATEMENT……......………………….………………………….…..1

II.  ARGUMENT…..………………………………………………………………..……….2

      A.   Thesling's Initial Certification Renders Him
           Irreparably Inadequate To Serve As A Class Representative……………………..2

      B.   Thesling's Supplemental Certification
           Should Not Be Considered By The Court………………………………………...…4

      C.   Thesling's Supplemental Certification
           Does Not Comply With The PSLRA………………………………………....…5

      D.   Thesling Cannot Cure His Inadequacy By
           Submitting A Supplemental Certification………………………..………..7

      E.   The Declaration of Thesling's Counsel
           Does Not Rehabilitate Thesling's Inadequacy…………………………....……..8

III. CONCLUSION………………………………………………………………………....…10

**I.   PRELIMINARY STATEMENT**

Proposed Lead Plaintiff Donald Johnson ("Johnson" or "Movant") respectfully submits this reply memorandum in further support of his motion for appointment as lead plaintiff and approval of selection of lead counsel.  For the reasons contained herein, and as set forth in Donald Johnson's opposition to the motion jointly filed by Bert Vladimir ("Vladimir") and Gary Thesling  ("Thesling") (collectively, the "Vladimir/Thesling Group"), the motion of Donald Johnson should be granted.

**II.   ARGUMENT**

The opposition of the Vladimir/Thesling Group to the motion of Donald Johnson sets forth no assertions or indications that Donald Johnson is anything but an abundantly adequate lead plaintiff movant.  Rather, the Valdimir/Thesling Group advocates a ruling that is entirely dependent on a presumption as to its own adequacy that is inapplicable due to proof, based on indisputable facts, that Thesling does not satisfy the requirements of Fed. Rule Civ. P. 23, a prerequisite to any application of the statutory presumption.

The PSLRA requires that the courts "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. § 78u-4(a)(3)(B)(i).  The PSLRA directs the courts to adopt a presumption that the most adequate plaintiff is the person that "in the determination of the court, has the largest financial interest in the relief sought by the class; and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  *See Sczesny Trust v. KPMG LLP,* 223 F.R.D. 319, 323 (S.D.N.Y. 2004, Stein, J.) (to qualify for the presumption, a party must, *inter alia,*

otherwise satisfy the requirements of Rule 23).[1] The statutory presumption, if applicable, can be rebutted upon a showing that the presumptive lead plaintiff either suffers from the inability to fairly or adequately protect the interests of the class or is incapable of adequately representing the class due to being subject to unique defenses. *Sczesny Trust*, 223 F.R.D. at 323.

The statutory presumption is not applicable to Thesling because the evidence presented in the record does not *prima facie* demonstrate that Thesling will fairly and adequately represent the interests of the class. Rather, Thesling's purported "adequacy" is irreparably undermined by his certifications submitted in the action which violate the PSLRA's certification requirements.[2]

### A. Thesling's Initial Certification Renders Him Irreparably Inadequate To Serve As A Class Representative

Nothing in the opposition brief submitted by the Vladimir/Thesling Group mitigates the fact that Thesling's initial certification: (i) expressly states that Thesling is unwilling to serve as a lead plaintiff unless he is able to reach an agreement with his counsel that provides him with an acceptable amount of compensation; (ii) expressly indicates that Thesling is unwilling to certify that he "will not accept any payment for serving as a representative party on behalf of a class beyond the plaintiff's pro rata share of any recovery, except as ordered or approved by the court in accordance with paragraph 4"; (iii) directly contravenes the willingness and adequacy

---

[1] *In Re Vonage Initial Public Offering (IPO) Sec. Litig.*, 2007 U.S. Dist. LEXIS 66258, *12 (D.N.J. Sept. 6, 2007), *citing In re Cendant Corp. Litig.*, 264 F.3d 201, 265 (3d Cir. 2001) (in order for the presumption to attach, the proposed lead plaintiff must make a *prima facie* showing that it satisfies the requirements of Rule 23 (i.e., typicality and adequacy).

[2] As previously stated by this Court "[a]dequacy of a proposed lead plaintiff turns on whether that plaintiff 'will fairly and adequately protect the interests of the class.' In this examination, the Court scrutinizes (1) whether the proposed class counsel is 'qualified, experienced, and generally able to conduct the litigation'; (2) whether the proposed lead plaintiff has interests that are antagonistic to other class members; and (3) whether the proposed lead plaintiff and the class possess sufficient interest to pursue vigorous prosecution of their claims." *Sczesny Trust,* 223 F.R.D. at 324 (citations omitted).

2

requirements of the PSLRA and Rule 23; (iv) precludes the applicability of any presumption of adequacy as to Thesling; (v) subjects Thesling to unique defenses and issues that risk becoming a focus of the litigation, especially in connection with a class certification motion; and (vi) represents an improper and illegal payment arrangement.  Thus, the representations contained in Thesling's initial certification in violation of the requirements of the PSLRA provide ample evidence that Thesling cannot, or will not, fairly and adequately protect the interests of the class, and also demonstrate that Thesling is more interested, or at least equally interested, in securing compensation for himself than in undertaking to represent the interests of absent class members without compensation.

Thesling's willingness and adequacy is further undermined by his counsel's experience and expertise in the field of class action securities litigation.  Despite counsel's awareness of the strict certification requirements of the PSLRA, Thesling was unwilling to undertake to represent the class in a manner that complied with the PSLRA.  The fact that counsel would have advised Thesling that his expression of conditional willingness does not comply with the PSLRA, indicates that Thesling was unable or unwilling to comply with the requirements of the PSLRA. Moreover, when Thesling thereafter submitted a supplemental certification Thesling failed to appropriately endorse his certification under penalty of perjury, which thereby further, and once again, undermines any assertion of his purported willingness and adequacy.

Accordingly, the Vladimir/Thesling Group has not demonstrated that it will perform the duties of lead plaintiff as prescribed by the PSLRA to fairly and adequately represent the

interests of the class and is, therefore, not entitled to a presumption that it is the "most adequate lead plaintiff." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II). [3]

### B. Thesling's Supplemental Certification Should Not Be Considered By The Court

Thesling cites four cases in an attempt to demonstrate that it is permitted to submit a revised certification that omits the parenthetical language that was contained in its original certification. Notably, Thesling does not cite those decisions to advance an argument that these courts allowed movants to submit supplemental materials to bolster their willingness or adequacy to serve as a lead plaintiff, nor can he.

The cases cited by Thesling all involve instances in which lead plaintiff movants were permitted to revise the information contained in their certifications for a very specific purpose only, i.e., to correct, clarify or further document their losses.[4] These decisions deal exclusively with movants' ability to correct, clarify or further document their losses. The cases do not

---

[3] Thesling's co-movant Vladimir asserts damages of $2,330, representing a substantially lower figure than the $21,483 in damages sustained by Donald Johnson. Thus, the inadequacies from which Thesling suffers effectively proscribe the appointment of Vladimir as a lead plaintiff.

[4] *See Rozenboom v. Van Dr Moolen Holding, N.V.,* 2004 U.S. Dist. LEXIS 6382, at *4 n.4. ("while under certain circumstances movants may be permitted to clarify or further document their *losses* or correct any inaccuracies after their initial filing, several courts have declined to allow movants 'to supplement their motions to enhance their *loss* after expiration of the sixty-day period.") (emphasis added); *In Re Williams Sec. Litig.,* 02-cv-72-H(M), 2002 WL 32153476, at *3 ("The Court has reviewed the *revised loss calculations* and supporting *trading data* and finds that the errors . . . have been sufficiently addressed.") (emphasis added); *In re Microstrategy, Inc. Sec. Litig.,* 110 F. Supp. 2d 427, 438 ("[I]t became apparent during the second round of briefing that the Minami family had actually suffered a much *greater loss* ….") (emphasis added); and *Chill,* 181 F.R.D. at 411 ("[W]e find that the noted flaws in the certifications have been sufficiently rectified so as to allow the Court to accept [movants'] *computation* of their asserted *financial losses*.") (emphasis added). In the *Chill* case, the court also permitted a shareholder to correct the "technical deficiency" of having failed to sign his certification, which was a flaw that was noted by the court as having been "sufficiently rectified so as to allow the Court to accept [movants'] *computation* of their asserted *financial losses*." *Chill*, 181 F.R.D. at *411 (emphasis added).

4

permit movants to delete express indications that the movant is unwilling to serve as a representative party on behalf of a class, or is unwllling to agree not to accept compensation beyond that allowable under Rule 23.  Thus, these decisions do not enable Thesling to submit a revised certification, nor do they support the proposition that "technical deficiencies" in damage calculations are the same as express statements of unwillingness to serve as a lead plaintiff absent acceptable compensation presented by Thesling's certification.  It is not surprising that Thesling cites no cases that support any such proposition, given the likelihood that any court considering a motion by a lead plaintiff applicant who conditioned its willingness on reaching an acceptable compensation arrangement would find that such a condition constitutes evidence that such movant would not adequately represent the class.

        C.      **Thesling's Supplemental Certification Does Not Comply With The PSLRA**

Even assuming, *arguendo*, that Thesling should be permitted to have its revised certification considered by the Court, which it should not for the reasons set forth herein below, the revised certification itself contains an additional, significant violation of the PSLRA's certification requirements.

The PSLRA requires that a lead plaintiff movant "shall provide a *sworn* certification" which, among other things, "states that the plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary."  15 U.S.C. § 78u-4(a)(2)(iii).  (Emphasis added)  It is mandatory for a proposed lead plaintiff to provide a certification that satisfies the foregoing PSLRA language, in order to satisfy the adequacy requirements of Rule 23.  *Greater Pennsylvania Carpenters Pension Fund v. Whitehall Jewelers, Inc.*, 2005 U.S. Dist. LEXIS 12971, *12-14 (N.D. Ill. June 30, 2005) (lead plaintiff application denied due to failure of certification to comply with the mandates of the PSLRA).  In

contravention of this requirement, the certification submitted by Thesling is not "sworn" within the meaning of the PSLRA.  *See* Declaration of Lee Squitieri in Opposition to the Motion to Appoint Donald Johnson as Lead Plaintiff, dated Sept. 25, 2007 ("Squitieri Decl."), at Ex. A.

Illustrating this point are photocopies of numerous PSLRA lead plaintiff certifications that were considered by this Court in various unrelated securities actions in which the Court ultimately appointed lead plaintiffs based on those certifications.  *See* Memorandum of Law in Further Support of the Motion of Donald Johnson, dated Sept. 25, 2007 (the "Opposition Memo"), Exhibits A – L (including Exhibit C, a certification that Judge Stein considered in connection with his appointment of lead plaintiffs in the *Sczesny Trust* action (supra)).  Each and every one of those certifications, like the certification submitted by Movant Donald Johnson herein, was executed under penalty of perjury, and was thus "sworn" for purposes of the PSLRA's certification requirements.  *See Id.*

In contrast, Thesling's certification is not "sworn."  *See, e.g., In Re Glaxo SmithKline PLC Sec. Litig.*, 2006 U.S. Dist. LEXIS 73893, at *41 (S.D.N.Y. Oct. 6, 2006) (class representative certification executed under "penalty of perjury").  Just as Thesling's signature is not executed under penalty of perjury, it is, likewise, not verified, notarized or made under oath. *See Squitieri Decl.*, Exhibit B.  On the basis of the foregoing, Thesling's certification is, by definition, not "sworn."

Accordingly, Thesling's certification clearly violates 15 U.S.C. § 78u-4(a)(2) and provides substantial proof that Thesling will not fairly and adequately represent the class.  *See Greater Pennsylvania Carpenters Pension Fund*, 2005 U.S. Dist. LEXIS 12971, *12-14  (lead plaintiff application denied due to failure of certification to comply with the mandates of the PSLRA).  Thus, Thesling's motion for appointment as lead plaintiff should be denied.

6

      **D.**      **Thesling Cannot Cure His Inadequacy By**
                  **Submitting A Supplemental Certification**

The recent submission by Thesling of a supplemental certification does not cure the irreparable inadequacy that his original certification represents. Thesling has already demonstrated the essential fact that he is unwilling to serve in a representative capacity on terms required by the PSLRA for appointment as a lead plaintiff. He has also demonstrated that his primary, or at least equivalent, interest is in securing acceptable compensation, and not in representing the class. If this were not so, he would not have made his willingness to serve as a representative party contingent on his ability to secure acceptable compensation. The damage that these factors have inflicted on Thesling's willingness and adequacy cannot be reversed through the submission of a supplemental certification, or otherwise.

Any subsequent statements by Thesling cannot erase the irreparable fact that Thesling did, in fact, sign a certification placing his interests ahead of the interests of the absent class members. These facts fall far short of demonstrating a willingness and ability to take an active role in and control of the litigation to protect the interests of absentees. Moreover, Thesling's counsel is experienced in securities class action litigation and knows that the representations as set forth in the PSLRA to be contained in a certification are mandatory. Yet, Thesling was apparently nevertheless unwilling to undertake to represent the Class in the absence of an agreement on acceptable compensation. *See In re Electronic Data Systems Corp. Sec. Litig.*, 226 F.R.D. 559 (E.D. Tex. 2005) (adequacy is defeated by differences between class representatives and class members that create conflicts between the representatives and members). As stated by the court in *In Re Electronic Data Systems Corp. Sec. Litig.*, "[i]f the court has substantial doubt as to the adequacy of representation, it should act pursuant to its protective responsibility to deny or revoke class certification… since attempting to bind absent parties without adequate

representation . . . not only prejudices the absent class members, but also fails to provide a safe harbor in which the party adverse to the judgment can rest." *Id.* at \*566, quoting, *Johnson v. Shreveport Garment, Co.,* 422 F. Supp. 526 (W.D. La 1976), *aff'd* 577 F.2d 1132 (5th Cir. 1978)

Accordingly, Thesling's supplemental certification does not cure the irreparable inadequacy and unique defenses presented by his original certification.

### E. The Declaration of Thesling's Counsel Does Not Rehabilitate Thesling's Inadequacy

The declaration of Thesling's counsel, Lee Squitieri, submitted in connection with Thesling's opposition memorandum, attempts to rehabilitate Thesling's adequacy by identifying several instances in which discussions took place between Thesling and his counsel in connection with this action. The representations set forth in the Squitieri Declaration state that, "[w]hen counsel for Johnson questioned one of the representations in Thesling's original certification, [Mr. Squitieri] brought that to Thesling's attention", whereupon "[Thesling] immediately agreed to clarify the certification, execute a revised form of certification . . . and reaffirm his unconditional commitment to serve as a co-lead or lead plaintiff." Squitieri Decl., ¶ 4. Whatever so-called clarification Thesling intended to provide by executing his supplemental certification does not, as he claims, "reaffirm his unconditional commitment" to serve as a representative party. Rather, the purported basis for the so-called reaffirmation of unconditional commitment is nonexistent, since the original certification was expressly conditioned on the qualification that an acceptable agreement as to Thesling's compensation must be in place. Thus, any "reaffirmation" represented by the supplemental certification does not relate to Thesling's adequacy and willingness to serve as a class representative. Rather, as demonstrated by the fact that the supplemental certification was not executed under penalty of perjury (as

described above), the supplemental certification represents additional evidence that Thesling is incapable or unwilling to adequately represent the class.

In addition, the assertion in the Squitieri Declaration is plainly false, that "[c]ounsel for Johnson indicated that if the certification were modified to remove the parenthetical . . . [then] Johnson would have no objection to Thesling serving as lead plaintiff." The falsity of this statement is manifest in the non-limiting nature of informal objections raised during discussions between counsel. Simply put, counsel did not waive its right to assert additional objections. Moreover, the fact that counsel for the separate lead plaintiff movants discussed possibly jointly prosecuting the action under the leadership of Donald Johnson and the Thesling/Vladimir Group does not mean that the Thesling/Vladimir Group would survive defendants' attacks on its adequacy at the class certification stage, nor does it indicate that Thesling is the lead plaintiff movant "that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). Nor does the fact that counsel was willing to entertain discussion on that topic indicate anything beyond a mere willingness to have a discussion.

Finally, the Squitieri Declaration suffers from an additional irregularity in that counsel's representation that "Thesling has never conditioned his participation in this action upon recovery of any lost wages" (Sequitieri Decl., ¶ 7) is belied by the plain meaning of Thesling's initial certification, which states that Thesling is willing to serve as a representative party . . . (as long as acceptable compensation has been agreed to)."

### III.     CONCLUSION

Based on the foregoing, Movant Donald Johnson has demonstrated that the Vladimir/Thesling Group is unwilling or inadequate to serve as a representative party and should not be appointed as lead plaintiff  *See In Re Electronic Data Systems Corp. Sec. Litig.*, 226 F.R.D. 559, at 566 (E.D. Tex. 2005) ("If the Court has substantial doubt as to the adequacy of representation, it should act pursuant to its protective responsibility to deny or revoke class certification) *quoting, Johnson v. Shreveport Garment Co.,* 422 F. Supp. 526, 533 (W.D. La. 1976), *aff'd* 577 F.2d 1132 (5th Cir. 1978).

Movant respectfully requests that the Court grant the motion of Donald Johnson for appointment as lead plaintiff and approval of his selection of lead counsel.

Dated: October 2, 2007

Respectfully submitted,

**STULL, STULL & BRODY**

By: s/ Aaron Brody
Jules Brody (JB-9151)
Aaron Brody (AB-5850)
6 East 45th Street
New York, NY 10017
Tel: (212) 687-7230

**Counsel for Movant Donald Johnson**