UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
BERT VLADIMIR, individually and on           :    Civil Action No.:
behalf of all others similarly situated,     :    07-CIV-6416 (SHS)
                                             :
                    Plaintiff,               :
                                             :
   -against-                                 :
                                             :
BIOENVISION, INC., CHRISTOPHER B.            :
WOOD and JAMES S. SCIBETTA,                  :
                                             :
                    Defendants.              :
                                             :
---------------------------------------------------------------X

**THESLING MOVANTS' REPLY MEMORANDUM OF LAW
IN RESPONSE TO OPPOSITION OF DONALD JOHNSON FOR
APPOINTMENT OF THESLING MOVANTS AS LEAD PLAINTIFFS**

Date:   October 2, 2007

                              SQUITIERI & FEARON, LLP
                              Lee Squitieri (LS-1684)
                              32 East 57th Street
                              12th Floor
                              New York, New York 10022
                              Tel:  (212) 421-6492

Plaintiff Bert Vladimir and Movant Gary A. Thesling ("Thesling Movants") respectfully submits this reply memorandum of law in response to the accusations in the opposition of Donald Johnson ("Johnson") to the appointment of the Thesling Movants as co-lead plaintiffs.

## PRELIMINARY STATEMENT

Johnson has not contested or even suggested that the Thesling Movants' do not have the largest financial losses. Johnson therefore concedes the presumptive adequacy of the Thesling Movants. However, Johnson instead contends that Thesling's original certification (which has since been withdrawn and a new certification filed, see Squitieri Declaration, September 25, 2007, Exhibit A) renders him inadequate because it appears that Thesling will seek recompense for lost wages or expenses at the conclusion of the case. See Donald Johnson Memorandum of Law in Opposition to Motion of Thesling Movants. Johnson's arguments are meritless distortions of the facts. Johnson is engaging in self serving speculation. Johnson's speculation does not rise to the level of "proof" required under the PSLRA to rebut the presumption of adequacy. Johnson's position that the revised certification cannot cure any arguable initial infirmity in Thesling's original certification is an argument which has been rejected by at least one Court in this district. The evidence submitted in support of Thesling's application in the form of sworn statements indicates that he is a knowledgeable, active class member who has affirmed his unconditional commitment to serve as lead plaintiff.

## ARGUMENT

Johnson's speculative accusations as to Thesling's intentions and motivations regarding his participation in this action do not rebut the PSLRA presumption. That presumption can only be overcome by *"**proof**"* that such lead plaintiff applicant cannot satisfy the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure. Section

1

21D(a)(3)(B)(iii), 15 U.S.C. § 78u-4(a)(3)(B)(i)(II). Such proof must demonstrate the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class or is subject to unique defenses that render such plaintiff incapable of adequately representing the class." Id. See, generally, Kemp v. Universal Am. Fin. Corp., 2006 WL 1190691, at * 3 (S.D.N.Y. May 1, 2006)

While Johnson argues that Thesling Movants are inadequate and subject to unique defenses, those arguments are all based on the speculation that Thesling will not participate in this action unless he receives some "compensation" over and above whatever the Court will allow a lead plaintiff under the PSLRA. Thesling has confirmed that he does not want anything not permitted by the statute. See Declaration of Gary A Thesling dated October 2, 2007 annexed to the Declaration of Lee Squitieri dated October 2, 2007 Exhibit A.

Johnson's lame accusations of conflicts and taint make no sense. Thesling, as lead plaintiff, is not in any position to collude with the defendants against the interests of the class in order to obtain some personal compensation – any award to Thesling must be approved by the Court and must be pursuant to the PSLRA. See NTL, Inc. Sec. Lit., 02 Civ. 3013, 2007 WL 1924377 (S.D.N.Y. May 2, 2007) (J. Kaplan). In any event, Thesling has withdrawn the original certificate to make perfectly clear that it was never his intention to obtain something not authorize by the PSLRA.

Thesling's clarification suffices to eliminate any doubt of his adequacy. Although Johnson rejects the curative effect of the clarification, those types of arguments have been rejected by at least one court in this district. In Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. LaBranche & Co., 229 F.R.D. 395, 412-413 (S.D.N.Y. 2004), the court held:

> Sea Carriers also argues that CalPERS' counsel, which was simultaneously retained by both CalPERS and Generic Trading for a portion of the proceedings to date, ran afoul of certain applicable ethical rules by this simultaneous representation and is therefore not adequate. CalPERS, although not denying the brief concurrent representation, notes that its counsel has withdrawn as counsel to Generic Trading and argues that whatever issue may have been raised by the earlier representation has been eliminated. As the concurrent representation is not ongoing, no issue is presented here. Id. at 413.

Johnson's counsel previously was unconcerned with Thesling's original certification and apparently believed that Thesling was an adequate plaintiff and in fact offered to Theslings' counsel to have Johnson be a co-lead plaintiff with Thesling and Johnson's counsel sought to be a co-lead counsel. See Squitieri Declaration, dated October 2, 2007.("Squitieri Decl."). Counsel for Johnson had previously indicated that if the certification were modified to remove the parenthetical a "deal" could be made. Squitieri Decl. at 7

Johnson's speculative claims of conflict should fare no better than the conflict claims raised in Strougo v. Brantley Capital Corporation, 243 F.R.D. 100, (S.D.N.Y. 2007). In that case a competing proposed lead plaintiff accused the presumptively adequate plaintiff of a conflict as result of pre-existing business conflicts. In rejecting the challenge the district court held:

> Though the Strougo Group argues that Karpus's interests are potentially antagonistic to those of other class members, this Court is not persuaded that the business relationships cited as the basis for this belief would in any way impair Karpus from adequately representing the class. There is no reason to believe that Karpus is interested in this litigation solely as a means to protect Goldstein-indeed, there is no reason to believe that Goldstein is in need of any such protection. The existence of the past business relationship between Karpus and Goldstein outlined here is hardly enough to disqualify Karpus from participation.

Id. a t 106-107.

Here, the outcome should be the same as in <u>Pirelli</u> and <u>Strougo</u>, the challenge of adequacy should be rejected and the Thesling Movants as the presumptively adequate plaintiffs should be appointed as lead plaintiffs.

## **CONCLUSION**

As the movant with the largest financial interest in the relief sought by the Class, Thesling respectfully requests that this Court (i) deny the competing lead plaintiff motion; (ii) appoint Thesling Movants as lead plaintiffs in the consolidated action; and (iii) approve Thesling Movants' selection of lead counsel.

Date:   October 2, 2007

Respectfully submitted,

SQUITIERI & FEARON, LLP

By: _____
       Lee Squitieri (LS-1684)
32 East 57th Street
12th Floor
New York, New York 10022
Tel:  (212) 421-6492

Attorneys for Gary A. Thesling

4