UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
BERT VLADIMIR, individually and on : Civil Action No.:
behalf of all others similarly situated, : 07-CIV-6416 (SHS)
 :
                Plaintiff, :
 :
  -against- :
 :
BIOENVISION, INC., CHRISTOPHER B. :
WOOD and JAMES S. SCIBETTA, :
 :
                Defendants. :
 :
------------------------------------------------------------X

### REPLY DECLARATION OF LEE SQUITIERI IN FURTHER SUPPORT OF GARY A. THESLING AND BERT VLADIMIR'S MOTION FOR APPOINTMENT AS CO-LEAD PLAINTIFFS

I, Lee Squitieri, declare under penalty of perjury, pursuant to 18 U.S.C. § 1746:

1. I am a member of the law firm of Squitieri & Fearon, LLP. I make this Reply Declaration in Further Support of the Motion to Appoint Bert Vladimir and Gary Thesling (the "Movants") Co-Lead Plaintiffs pursuant to Section 21D(a)(3)(B) of the Securities and Exchange Act of 1934 and to Approve Co-Lead Plaintiffs' choice of counsel. The matters set forth herein are stated within my personal knowledge.

2. I am submitting this declaration to reply to the baseless accusations of Johnson's counsel that Thesling is a "tainted" proposed co-lead plaintiff. This is an outrageously false accusation that Johnson's counsel himself does not believe: just days before the opposition papers on their motion were due, Johnson's attorney asked me if I would agree to a co-lead plaintiff arrangement with his firm whereby his firm would be a 50% co-lead counsel with this firm. I reported to Johnson's counsel that this was something that had to be discussed with Mr.

Thesling. Mr. Thesling refused to agree that Johnson's attorneys could also be his co-lead counsel. Thereafter, Johnson's counsel filed his opposition to Thesling's application late in the evening of September 25, 2007.

3. Mr. Thesling has eliminated any doubt that his participation in this action is conditional upon an agreement to be reimbursed for lost wages by revising his certification to eliminate the confusing parenthetical phrase (see Declaration of Lee Squitieri dated September 25, 2007, Exhibit B) and by reaffirming his unconditional commitment to serve as a co-lead or lead plaintiff as the Court decides. See Declaration of Gary Thesling dated October 1, 2007 annexed hereto as Exhibit A.

4. Mr. Thesling is aware that the statue as interpreted by this Court does not permit a lead plaintiff to recover so-called lost wages merely by claiming that time spent on prosecuting the action was time that could have been spent in his usual occupation. Mr. Thesling understands that he can only be reimbursed for last wages or lost opportunity upon a particularized showing of the lost wages and/or foregone or lost business opportunities.

5. I have thoroughly familiarized myself with the standards articulated by this court Judge Kaplan's adoption of the report and recommendation of Magistrate Judge Peck in In Re NTL, Inc Securities Litigation, 02-civ-3013, 2007 WL 1294377 (May 2, 2007, S.D.N.Y.) (J. Kaplan). In the absence of any controlling precedent for a higher court, I understand that the opinion in NTL will guide the appropriateness of any application on behalf of the lead plaintiffs for lost wages or expenses.

6. Mr. Thesling has a financial loss which far exceeds that of Mr. Johnson. Mr. Thesling is very much active in this litigation and is in control of his counsel. He is an adequate lead plaintiff or co-lead plaintiff and should be appointed by the Court.

7. Johnson has failed to meet the standards for proving that the presumptive lead plaintiff, Thesling (as sole lead or co-lead plaintiff) is inadequate. See accompany Reply Memorandum Of Law at 2-3.

8. By contrast, Johnson appears to be passive and inattentive. How else to explain the actions of his counsel in first seeking to become Mr. Thesling's co-counsel but than objecting to Mr. Thesling's appointment as a co-lead or lead counsel when that "deal" was rejected? Johnson's counsel's brazen solicitation of a "deal" was merely the echo of his earlier solicitation of a Bioenvision investor by placing a misleading notice that implied that Johnson's counsel, Stull, Stull & Brody, had filed an action on behalf of Bioenvision investors when in fact the firm had not filed an action as of the time the solicitation was issued by Stull, Stull & Brody. See Exhibit B annexed hereto. That announcement was issued under the cover of the PSLRA but is actually a solicitation inasmuch as Stull Stull & Brody had not itself filed an action and thus was not mandated to issue notice.

## **CONCLUSION**

As the movant with the largest financial interest in the relief sought by the Class, Thesling respectfully requests that this Court (i) deny the competing lead plaintiff motion; (ii)

appoint Thesling Movants as lead plaintiffs in the consolidated action; and (iii) approve Thesling Movants' selection of lead counsel.

Executed this 2nd day of October, 2007 at New York, New York.

_____
LEE SQUITIERI