# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X
BERT VLADIMIR, individually and on            :    Civil Action No.:
behalf of all others similarly situated,       :    07-CIV-6416 (SHS)
                                               :
                    Plaintiff,                 :
                                               :
    -against-                                  :
                                               :
BIOENVISION, INC., CHRISTOPHER B.              :
WOOD and JAMES S. SCIBETTA,                    :
                                               :
                    Defendants.                :
                                               :
---------------------------------------------------------X

## DECLARATION OF GARY THESLING IN FURTHER SUPPORT OF THE MOTION TO APPOINT CO-LEAD PLAINTIFS AND TO APPROVE CO-LEAD PLAINTIFFS' CHOICE OF COUNSEL

I, Gary Thesling, declare under penalty of perjury, pursuant to 18 U.S.C. § 1746:

1. I am a member of the class described in this action. I have proposed myself as one of the co-lead plaintiffs for the class in this action.

2. I am submitting this declaration to assure the Court that my participation in this action is not in any way conditional.

3. As the first step to dispel any idea that I have conditioned my participation and assistance in this case upon reimbursement of lost wages, I revised my certification to delete the phrase "as long as acceptable compensation has been agreed to", which I understand was cited by another class member, Donald Johnson, as a reason why the Court should refuse my offer to be a lead plaintiff. My attorneys submitted that revised certification last week upon request of the attorneys for Donald Johnson who, I understood, wanted clarification that I was not improperly conditioning my service as a lead plaintiff. I was happy to provide the clarification in the manner

I understood was requested by Johnson's counsel—namely to execute a revised certification deleting the parenthetical.

4. Since I first became aware of the class action, I have been actively interested in joining and leading it, if possible. I took the initiative in responding to the notice which was issued by my attorneys, Squitieri & Fearon, LLP. I contacted the firm directly by telephone and email and spoke several times with Lee Squitieri before making my decision to retain Squitieri & Fearon, LLP and authorize the firm to propose me to the Court as a sole lead plaintiff or as a co-lead plaintiff with Bert Vladimir, the original plaintiff in the action. At no time did I indicate that my participation was conditional.

5. When I executed the original certification, I was aware that the statute authorizing the lead plaintiff appointment process allowed a lead plaintiff to be reimbursed for reasonable and necessary out of pocket expenses incurred by the lead plaintiff in connection with prosecution of the action. I also was aware that lost wages also could be recovered under the statute. But I understand that the statue has no details regarding the conditions under which lost wages can be recovered or in which the amount is to be determined, except that I understood that an application would have to be made to the Court on my behalf at the conclusion of the action. I asked my attorneys to agree to make such application for me if appropriate at the conclusion of the action. Lee Squitieri agreed to do so at the conclusion of the case. I therefore thought it was appropriate to insert the parenthetical in the certification to reflect the fact that my attorney has agreed that at the conclusion of the case he will seek, if appropriate based upon his judgment, reimbursement for me pursuant to statute for any lost compensation that I might suffer as a result

of traveling to New York for a deposition or to be in New York for the duration of any eventual trial.

6. I have been an active overseer of my attorneys since I agreed to join this action. I have had many communications with my counsel concerning the case. I have forwarded news articles to him and talked about the next step of the case—the filing of an amended complaint.

7. My actions demonstrate my commitment to the case and my significant losses, which are far higher than the losses claimed by Johnson, demonstrate the significant financial stake I have to assist the successful prosecution of this class action. I have the expertise and time to devote to this action and am willing to do so.

8. I am especially disturbed about Johnson's accusation that I would not be a good lead plaintiff. It is my understanding that prior to filing the papers objecting to my appointment as lead plaintiff, Johnson's attorneys approached my attorney to find out whether I would agree to have Johnson's attorney be a co-lead counsel for me and Johnson in this action. I cannot agree to that because I have never spoken to those counsel and I do not know them. I am surprised to hear that now they think that I am an inadequate lead plaintiff.

9. Finally, I reiterate my commitment to this action and assure the Court that my participation is not conditioned on any agreement for reimbursement of any types of expenses or lost wages. There is no such agreement and nothing of the kind has ever been stated in any form of retainer or engagement letter from my attorneys to me nor have I suggested the inclusion of any such agreement in any engagement letter

10. I would be pleased to be appointed lead or co-lead plaintiff and stand ready to serve.

Executed this 1st day of October, 2007 at Phoenix, Arizona.

*[signature: Gary A. Thesling]*
Gary A. Thesling

4