UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BERT VLADIMIR, Individually And On Behalf Of All Others Similarly Situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| BIOENVISION, INC., CHRISTOPHER B. WOOD and JAMES S. SCIBETTA, | ) ) ) |
| Defendants. | ) ) ) |

07 CV 6416 (SHS) (AJP)

<u>CLASS ACTION</u>

ECF CASE

**MOTION OF DONALD JOHNSON FOR LEAVE TO FILE SURREPLY
TO THE VLADIMIR/THESLING GROUP'S MOTION FOR APPOINTMENT
AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

Movant Donald Johnson, by counsel, respectfully requests leave to file the attached surreply to the Vladimir/Thesling Group's motion for appointment as lead plaintiff and approval of selection of counsel. Movant respectfully submits that this surreply is necessary because the supplemental certification submitted by the Vladimir/Thesling Group on October 9, 2007 pursuant to the Court's order of October 3, 2007 contains incorrect statements of law and/or fact that violate the certification requirements set forth under the Private Securities Litigation Reform Act of 1995.

Accordingly, in the interests of justice and judicial economy, we respectfully request that the attached surreply be accepted for filing to permit us to address new issues raised by the

supplemental certification, and to otherwise assist the Court in resolving the pending motions on a fully informed basis.

Dated: October 10, 2007

                Respectfully submitted,

                **STULL, STULL & BRODY**

                By: s/ Aaron Brody
                Jules Brody (JB-9151)
                Aaron Brody (AB-5850)
                6 East 45th Street
                New York, NY 10017
                Tel: (212) 687-7230
                Fax: (212) 490-2022

                **Counsel for Movant Donald Johnson**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
                                            )
BERT VLADIMIR, Individually And On Behalf   )
Of All Others Similarly Situated,           )
                                            )   07 CV 6416 (SHS) (AJP)
                    Plaintiff,              )
                                            )   CLASS ACTION
        v.                                  )
                                            )   ECF CASE
BIOENVISION, INC., CHRISTOPHER B. WOOD      )
and JAMES S. SCIBETTA,                      )
                                            )
                    Defendants.             )
_____ )

**SURREPLY OF DONALD JOHNSON TO THE VLADIMIR/THESLING GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

Proposed Lead Plaintiff Donald Johnson ("Johnson" or "Movant") respectfully submits this surreply to the motion filed jointly by Bert Vladimir ("Vladimir") and Gary Thesling ("Thesling") (collectively, the "Vladimir/Thesling Group").

The Court's order of October 3, 2007 directed that "Mr. Thesling is to provide, by October 9, 2007, a notarized or otherwise properly sworn certification since . . . the September 21, 2007 Thesling 'Certification' is not sworn to before a notary or *properly sworn under penalty of perjury*." (Emphasis added)  While Mr. Thesling, did submit a so-called "certification" on October 9 pursuant to the Court's order, the "certification" was not properly sworn under penalty of perjury and is, therefore, defective.

The requirements for declarations and affidavits submitted to the court are set forth at 28 U.S.C. § 1746.  *See In Re: Elwood Dean French*, 2007 U.S. App. LEXIS 20462, *32; Bankr L. Rep. (CCH) P81,002 (5th Cir. Aug. 27, 2007).  The supplemental certification submitted by Mr.

1

Thesling is signed pursuant to 18 U.S.C. § 1746. Counsel is aware of no law codified at Section 1746 of Title 18 of the U.S. Code and our research indicates that, in fact, no such law exists. Thus, the "certification" signed by Mr. Thesling does not satisfy the requirements for a properly sworn certification and represents an attempt to circumvent the Court's directive to submit a "properly sworn" certification. There is, yet, an additional reason why the certification is not "properly sworn."

In order for a certification to be properly sworn under U.S. Code Section 1746 of Title 28, the certification must state: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)." 28 U.S.C. § 1746. Unlike a properly sworn certification, the submission by Mr. Thesling omits the required date on which it was executed. Specifically, whereas the statute requires that the certification include an indication that it was "[E]xecuted on…" a particular date, Mr. Thesling's "certification" contains only an indication that the form of certification was, at some point, dated October 5, 2007 ("Dated: October 5, 2007"). This indication is not sufficient to comply with the requirements of 28 U.S.C. § 1746 because it does not indicate the date on which the certification was "Executed", and merely indicates the date on which the document was prepared, or "Dated." [1]

In addition to the foregoing reasons why the October 9 submission of Mr. Thesling does not comply with the requirements of 28 U.S.C. § 1746 and the Court's order of October 3, 2007, the repeated and continuous defects contained in the "certifications" submitted by the

---

[1]    Moreover, the submission by Mr. Thesling includes a facsimile transmission indication line at the very top of the document which indicates that it was not transmitted until October 9, 2007, a full four days after the date on which the document was purportedly "Dated" by Mr. Thesling. Thus, evidence indicates that, contrary to the date on which it was "Dated", the document may not have been executed until October 9, 2007. This ambiguity highlights the reason the statute requires that the certification specifically indicate the date on which it was executed. *See* 28 U.S.C. § 1746.

2

Vladimir/Thesling Group pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA") provide additional evidence that Mr. Thesling is not an adequate class representative. *See Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 185 F.R.D. 172, *175 (S.D.N.Y. 1999) (the adequacy requirement applies to both the proposed class representative as well as to their retained counsel).

"Adequacy of a proposed lead plaintiff turns on whether that plaintiff 'will fairly and adequately protect the interests of the class.' In this examination, the Court scrutinizes (1) whether the proposed class counsel is 'qualified, experienced, and generally able to conduct the litigation'; (2) whether the proposed lead plaintiff has interests that are antagonistic to other class members; and (3) whether the proposed lead plaintiff and the class possess sufficient interest to pursue vigorous prosecution of their claims." *The Constance Sczesny Trust v. KPMG LLP,* 223 F.R.D. 319, *324 (S.D.N.Y. 2004) (Stein, J.) (citations omitted). The presumption of adequacy is not applicable to the Vladimir/Thesling Group because it will be subject to unique defenses relating to the adequacy of its chosen counsel.

To date, the Vladimir/Thesling Group has been forced to submit no less than five (5) separate certifications in an effort to cure defects that violate the certification requirements of the PSRLA.[2] The fifth and most recent of these, the third Thesling "certification", contains perhaps the most striking defect yet, in that it cites a law that does not even exist, and otherwise fails to

---

[2]  Plaintiff Bert Vladimir filed a defective certification with the initial complaint which was filed on July 13, 2007, and then filed a corrected certification on August 7, 2007. Gary Thesling has filed (1) a defective certification in connection with the Vladimir/Thesling Group lead plaintiff motion dated September 11, 2007; (2) a defective certification on September 25, 2007 in connection with the opposition of the Vladimir/Thesling Group; and (3) an additional defective certification on October 9, 2007 pursuant to the Court's order of October 3, 2007.

3

satisfy the requirements for "properly sworn" certification for separate reasons described herein above.

On the basis of the numerous defective certifications submitted by the Vladimir/Thesling Group thus far, and based on the reasons set forth in opposition and reply memoranda of Donald Johnson, Thesling's counsel's ability to adequately represent the class may be attacked. Such attacks would impact Mr. Thesling's own adequacy by virtue of his having selected counsel that is subject to attack. *See* 15 U.S.C. §78u-4(a)(3)(B)(v) ("The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class"). Specifically, defendants would argue that Thesling's counsel is not adequate because they advised Thesling to execute three sequential defective certifications. Thus, Thesling will be subject to attacks on the basis that it did not select counsel that is capable of adequately representing the class. *See In Re Frontier Ins. Group Sec. Litig.,* 172 F.R.D. 31 (E.D.N.Y. 1997) (in determining adequacy of counsel, the courts look beyond reputation built upon past practice and examines counsel's competence displayed by present performance). Counsel for defendants have indicated in their Statement of Non-Opposition, dated October 10, 2007, that they reserve all rights to oppose any motion for class certification on the grounds that, among others, one or more of the proposed class representatives will not fairly and adequately protect the interests of the putative class, and that "if … discovery were to show that Mr. Thesling was indeed participating in this action based on an expectation of getting paid amounts beyond that legally permissible, Defendants would seek to challenge [Mr. Thesling's] adequacy."

Accordingly, the Vladimir/Thesling Group has not demonstrated that it will perform the duties of lead plaintiff as prescribed by the PSLRA to fairly and adequately represent the interests of the class and is, therefore, not entitled to a presumption that it is the "most adequate

4

lead plaintiff." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II). Movant respectfully requests that the Court grant the motion of Donald Johnson for appointment as lead plaintiff and approval of his selection of lead counsel.

Dated: October 10, 2007

                                                            Respectfully submitted,

**STULL, STULL & BRODY**

By: s/ Aaron Brody
Jules Brody (JB-9151)
Aaron Brody (AB-5850)
6 East 45th Street
New York, NY 10017
Tel: (212) 687-7230
Fax: (212) 490-2022

**Counsel for Movant Donald Johnson**

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
                                       )
BERT VLADIMIR, Individually And On Behalf )
Of All Others Similarly Situated,      )
                                       )         07 CV 6416 (SHS) (AJP)
              Plaintiff,               )
                                       )         CLASS ACTION
       v.                              )
                                       )         ECF CASE
BIOENVISION, INC., CHRISTOPHER B. WOOD, )
and JAMES S. SCIBETTA,                 )
                                       )
              Defendants.              )
_____)

**[PROPOSED] ORDER GRANTING THE MOTION OF
DONALD JOHNSON FOR LEAVE TO FILE SURREPLY**

This matter comes before the Court on Donald Johnson's Motion for Leave to File a Surreply to the Vladimir/Thesling Group's Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel (Dkt. No. _____). Upon consideration of the motion of Donald Johnson, the applicable law and the entire record of this case, it is hereby

ORDERED that Donald Johnson is granted leave to file his Surreply to the Vladimir/Thesling Group's Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel. Accordingly, the Surreply that was previously lodged with the clerk as an exhibit to the motion (Dkt No. _____) shall be deemed filed this date.

       SO ORDERED.


Date:_____

                                        _____
                                        ANDREW J. PECK
                                        United States Magistrate Judge

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 10, 2007 I caused the forgoing document to be served via the Court's CM/ECF System on all parties of record in the action who have registered with the Court's CM/ECF System.

I FURTHER CERTIFY that on October 10, 2007, I caused the foregoing document and notice of electronic filing thereof to be sent by overnight delivery to the following parties of record who have not registered with the Court's CM/ECF system:

| | |
|---|---|
| Brian E. Pastuszenski, Esq.<br>GOODWIN PROCTER, LLP<br>Exchange Place<br>53 State Street<br>Boston, MA 02109<br><br>*Counsel for Defendants Bioenvision,*<br>*Inc., Christopher B. Wood and*<br>*James S. Scibetta* | Stacey S. Baron, Esq.<br>GOODWIN PROCTER, LLP<br>Exchange Place<br>53 State Street<br>Boston, MA 02109<br><br>*Counsel for Defendants Bioenvision,*<br>*Inc., Christopher B. Wood and*<br>*James S. Scibetta* |

Dated: October 10, 2007

s/ Aaron Brody
Aaron Brody (AB-5850)
STULL, STULL & BRODY
6 East 45th Street
New York, NY 10017
Tel: (212) 687-7230
Fax: (212) 490-2022
