11/13/2007 17:22 FAX 2124216553          SQUITIERI & FEARON, LLP                    ☑002




# SQUITIERI & FEARON, LLP
## 32 EAST 57TH STREET
### 12TH FLOOR
### NEW YORK, NEW YORK 10022
TELEPHONE: (212) 421-6492
FAX: (212) 421-6553
www.sfclasslaw.com

LEE SQUITIERI*
STEPHEN J. FEARON, JR.
MARIA J. CICCIA**
CHARIS M. FORD
MICHAEL O. FREEDMAN
JENNIFER WU*

*ADMITTED TO N.Y. & N.J. BARS
**ADMITTED TO N.Y. & CT. BARS

**NEW JERSEY OFFICE**
2600 KENNEDY BOULEVARD
SUITE 1K
JERSEY CITY, NEW JERSEY 07306
TEL: (201) 200-0900
FAX: (201) 200-9008

November 13, 2007

**VIA TELECOPIER**

Honorable Andrew J. Peck
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**MEMO ENDORSED**

Re:  Vladimir v. Bioenvision, Inc., et al.
     Docket No.: 07-civ-6416

Dear Judge Peck:

    We represent lead plaintiffs in this action. We are writing in accordance with Local Civil Rule 37.2 to request an informal conference with the Court regarding a discovery issue. We seek an order from the Court modifying the stay of discovery set forth in Section 21D(b)(3)(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(b)(3)(B) to permit lead plaintiffs to conduct limited document discovery of non-parties believed to have relevant information concerning the issues in this litigation.

    The gist of this action is the alleged concealment of material information in or about April/May 2007 concerning the merger plans of Bioenvision Inc. ("Bioenvision") one of the defendants herein and Genzyme Corporation. On October 23, 2000, Genzyme Corporation ("Genzyme") completed its acquisition of Bioenvision and shares of the Company have ceased trading and the company has been delisted from NASDAQ.

    We believe that there may be significant evidence relevant to the issues in the case in the possession of non-parties who were involved in the planning, negotiation formulation and execution of the acquisition of Bioenvision by Genzyme. These non-parties have no obligation to preserve evidence absent service of a subpoena duces tecum.

    The PSLRA provides that, despite the presumptive stay of discovery pending the resolution of a motion to dismiss, "particularized discovery [may be had where] necessary to

SQUITIERI & FEARON, LLP
Honorable Andrew J. Peck
November 13, 2007
Page 2

preserve evidence" 15 U.S.C. 78u-4(b)(3)(B). In recognition of the fact that "the imposition of a stay of discovery may increase the likelihood that relevant evidence may be lost," Congress enacted Section 78u-4(b)(3)(C) of the PSLRA. Senate Report No. 104-98, 104[th] Congress, reprinted in 1995 U.S.C.C.A.N. 679, 693 (1995) Section 78u-4(b)(3)(c) provides:

> During the pendency of any stay of discovery pursuant to [the PSLRA], unless otherwise ordered by the court, any party to the action with actual notice of the allegations contained in the complaint shall treat all documents, data compilations (including electronically recorded or stored data), and tangible objects that are in the custody or control of such person and that are relevant to the allegations, as if they were the subject of a continuing request for production of documents from an opposing party under the Federal Rules of Civil Procedure.

15 U.S.C. § 87u-4(b)(3)(C). The courts have recognized that permitting plaintiffs to serve subpoenas directing third parties to preserve evidence "further[s] Congress' intent by subjecting relevant evidence to a 'stay put' directive whether in the hands of the parties, or in those of third parties. . ." In re Grand Casinos, Inc. Sec. Litig., 988 F. Supp. 1270, 1272 D. Minn. 1997).

The non-parties plaintiffs we wish to serve with a subpoena duces tecum include Genzyme, Inc.; UBS (the Company's financial advisor); David Luci (the Company's former CFO); Perseus Soros Pharmaceutical Fund L.P. (a large (13%) stockholder of the Company with nominees on the Company's Board)); Aisling Capital, by Dennis Purcell Senior Managing Director, (an investment fund that managed Perseus); Banc of American Securities LLC (Genzyne's financial adviser); and all executive officers and directors of the Company no longer associated with the Company. We believe that these parties may have had communications with the Company or Genzyme concerning a merger with Genzyme during and before the Class Period. The persons/entities have no obligation to preserve evidence since they are not parties. Similar orders were granted in In re Worldcom Inc. Sec. Litig., 234 F. Supp. 2d 301, 305 (S.D.N.Y. 2002); In re Labrane Sec. Litig, 333 F. Supp 2d 178, 181 (S.D.N.Y. 2004); In re Royal Ahold N.V. Sec. & ERISA Litigation, 220 F.R.D. 246, 249 (D. Md. 2004); In re Tyco Int'l Ltd. Multidistrict Litigation, MDL No. 02-1335-B 2003 WL 23830479 (D.N.H. Jan. 29, 2003); Gervis v. Berg, No. 00-CV-3362, 2005 WL 3299436 (E.D.N.Y. Nov. 29, 2005); In re Grand Casinos, Inc. Sec. Litig., 988 F. Supp. 1270, 1272 (D. Minn. 1997).

We have sought, but not received, defendants' counsel's consent to the limited modification we are seeking. We are not seeking the modification to obtain discovery to use in our amended complaint. We are on schedule to file same on November 22, 2007 as directed by the Court.

SQUITIERI & FEARON, LLP
Honorable Andrew J. Peck
November 13, 2007
Page 3

We will make ourselves available at the convenience of the Court for a conference.

Respectfully submitted,

SQUITIERI & FEARON, LLP

By: _____
Lee Squitieri (LS-1684)

LS:mm

cc: Alexis L. Shapiro, Esq.

**MEMO ENDORSED** 11/13/07

The Court is inclined to allow "preservation" subpoenas to non-parties but requires plaintiff to notify defense counsel in advance by [illegible] that is due by hearing 11/14.

SO ORDERED
Hon. Andrew Jay Peck
United States Magistrate Judge

# FAX TRANSMITTAL SHEET



## ANDREW J. PECK
## UNITED STATES MAGISTRATE JUDGE
## UNITED STATES DISTRICT COURT

Southern District of New York
United States Courthouse
500 Pearl Street, Room 1370
New York, N.Y. 10007-1312

Fax No.:        (212) 805-7933
Telephone No.:  (212) 805-0036

**Dated:** November 13, 2007               **Total Number of Pages:** 4

| TO | FAX NUMBER |
|---|---|
| Olimpio Lee Squitieri, Esq. | 212-421-6553 |
| Robert I. Harwood, Esq. | 212-753-3630 |
| Jason D'Agnenica, Esq. | 212-490-2022 |
| Alexis L. Shapiro, Esq. | 617-523-1231 |
| Glenn S. Kerner, Esq. | 212-355-3333 |

# TRANSCRIPTION:

**MEMO ENDORSED 11/13/07**

The Court is inclined to allow "preservation" subpoenas to non-parties that reference preservation but not production. Defense counsel is to advise of its position by close of business 11/14.

**Copy to:** Judge Sidney H. Stein